Wash, J.,
delivered the opinion of the Court.
The plaintiff sued Keen and Page by attachment in the Circuit Court, and summoned the defendants as garnishees. Judgment was rendered against the defendants, *181 Keen and Page, and one of the garnishees, and in favor of the other garnishees, the defendants in error; to reverse which the plaintiff now prosecutes his writ of error in this Court. The facts disclosed in the answer of the garnishees are, K that on the 5th of July, 1831, the defendants, Keen and Page, who had previously been partners in mercantile business, dissolved partnership on such terms that all the stock, goods, debts and effects of the firm became the sole property of the partner Page, who took possession of the same and carried on the business until the 13th of the same month, when he executed a deed of that date to John H. Gay, and John Smith and Brother, conveying all his household furniture, gopds, chattels, merchandize, debts, and sums of money, due and owing or belonging unto him said Page, and all securities taken and obtained for the same, of whatever kind or nature, or wheresoever the same may be found in either Missouri or Illinois; To have and hold the same in trust; to collect the debts and convert the property into money, and out of this fund to pay first the expenses of the trust, the sums due to the clerks and servants as privileged debts, and then §4,000 to an endorse]' for Keen and Page; then to pay other securities, endorsements, and borrowed money ; and next to pay moneys due on consignments, and for rent of the warehouse ; and the balance to pay over generally to the creditors of Keen and Page, proportionally according to their respective claimr; and the surplus, if there should be any after paying all the debts, to pay ove. to said Page or his representatives.” A general power was contained in the deed authorizing the grantees to collect debts, &c., and-to constitute and appoint one or more attorneys under them as substitutes to fulfil and execute the same duties and powers under the deed. Page put the above named trustees, Gay, Smith and Brother, into possession of all his effects. They took and kept possession of the same until the 12th of August thereafter; when, at the request of many of the creditors provided for in said deed, and with the consent of Page, they executed a deed to the defendant garnishees, Savage and Tabor, transferring the same goods, effects, &c., to them as trustees for the same uses and purposes. Savage and Tabor took immediate possession of the property under said deed, and were proceeding in the discharge of their duties as trustees under said deed, when the attachment was served on them. Interrogatories were submitted, in answer to which the garnishees set out in substance the facts as above stated, and deny that the effects in their hands are liable to the attachment. No issues were made up for trial. Judgment was given upon the answers of the garnishees, which were not denied, and the sole question arising on the record is, whether the deed from Page be good and valid in law? It is objected by Mr. Allen for the plaintiff in error that the deed is void.
First. For want of certainty in the description of the property conveyed; and,
Second. Because it establishes a preference among the creditors of the grantor.
The authorities cited do not, as we think, support the position; on the contrary, the law is regarded as well settled that a debtor has a right to prefer one creditor to another. 5 T. R., 420; 8 T. R., 521; 2 J. C. R., 306; 4 J. C. R., 529. And that a general assignment, without a schedule of the property conveyed, or of the creditors provided for, will be good and effectual. 7 Peters’ Rep., 613. The judgment of the Circuit Court is therefore affirmed with costs.