Scott v. Bailey.

SCOTT *et al.*, Plaintiffs in Error, v. BAILEY, ARMSTRONG AND OTHERS, Defendants in Error.

1. One William Bailey executed a deed of trust of certain real estate to secure the payment within twelve months of an indebtedness, recited therein to be due "to Patrick H. Scott and Sarah B. Scott, in the sum of about two thousand dollars, being the amount of principal and interest due upon a promissory note drawn by the said Bailey and endorsed by the said Patrick H. and Sarah B. Scott, and now past due and held by Mrs. Elizabeth Cabell, of Winchester, Virginia." In point of fact, it was intended by the parties to the deed of trust to secure the said P. H. Scott and S. B. Scott against liability upon a *bond* executed in favor of the said Mrs. C. Cabell, by the said Scotts, jointly with, and as the sureties of the said Wm. Bailey. *Held*, that this mis-recital of the nature of the indebtedness was not such as to avoid the deed of trust.
2. Parol evidence is admissible to show that the relation of principal and surety exists between the co-obligors of a bond.

### *Error to St. Louis Land Court.*

This was an action in the nature of a proceeding to foreclose a deed of trust or mortgage. The petition stated that William Bailey, one of the defendants, on the 20th October, 1843, by his deed of that date, duly recorded, conveyed to F. W. Risque, one of the defendants, a tract of land in St. Louis county, described in said deed and in said petition, in trust to secure, among other things, " the payment, in twelve months from date of the deed, of about $2000 to P. H. & S. B. Scott, [plaintiffs in this action,] being the amount of principal and interest due on a promissory note, made by Wm. Bailey, in favor of P. H. & S. B. Scott, and by them endorsed, and then held by Mrs. Elizabeth Cabell, of Virginia." That the instrument, the payment of which the said Wm. Bailey intended by said deed of trust to secure, is in the words and figures following:

" $1860. Lynchburg, Va., Nov'r. 8, 1840. Twelve months after the 4th of November next, we, or either of us, promise to pay to Mrs. Elizabeth Cabell, her heirs or assigns, the joint and full sum of $1860, to bear interest at the rate of six per cent. per annum from date, Nov'r 8, till paid, and for the payment of which sum we bind ourselves, our heirs, firmly by these presents; sealed with our seals and dated November 8, 1840. [Signed] Wm. Bailey, (seal). S. B. Scott, (seal). P. H. Scott, (seal)." That P. H. Scott and S. B. Scott signed this instrument as sureties of Wm. Bailey, and that the said Wm. B. mistakenly described it as being a note whereof plaintiffs were endorsers; the fact being that said instrument was, as set forth, a writing under seal, and that the plaintiffs were the sureties of Wm. Bailey therein, to pay Mrs. Elizabeth Cabell the sum of " about $2000," the precise sum really due on 20th October, 1843, being $2080; and said Bailey referred to said instrument by memory only, and so misdescribed it in the foregoing unessential particulars.

The petition stated that Risque was a non-resident; that Mrs. Cabell had obtained judgment on the said written instrument against the plaintiffs and said Bailey, and that the plaintiffs had paid the same, and they asked for judgment for the sale of the land conveyed to Risque to repay the money by them paid on the judgment.

Armstrong was not a party to the suit originally. Upon his own motion, he was made defendant, and answered, denying that the deed of trust dated October 20, 1843, was in trust to secure the payment in twelve months after date, of about $2000 to P. H. & S. B. Scott, principal and interest, due upon a promissory note made by Wm. Bailey, in favor of plaintiffs, and by them endorsed to Mrs. E. Cabell, denying also that any money was secured by said deed to be paid to the plaintiffs; averring that whatever debt, if any, was due from Bailey and plaintiffs to Mrs. Cabell, has been paid and satisfied before the commencement of this suit, and therefore can be no longer a lien on the land described in the petition; denying that plain-

tiffs have any right to cause said land to be sold for the non-payment by Bailey of said promissory note; denying knowledge of Bailey's intention to secure the bond mentioned in the petition, or whether such bond existed, and alleging that the deed of trust purported to secure a note, not a bond; and that if the money was due upon a bond and not a note, then the deed of trust was no security for it; that plaintiffs were not sureties for Bailey in said bond, but co-obligors, and that evidence to show that they are sureties is not admissible; that the payment of said bond or of the judgment thereon, by the plaintiffs, is an extinguishment of the lien, and no assignment, legal or equitable, of the security, resulted to them from such payment; that if such judgment was obtained as is stated, it fixed the character of plaintiffs as co-obligors, and estops them to say that they were sureties of Bailey; that a judgment was rendered apainst Bailey in 1845, under which Darby purchased all the interest of Bailey in this land and sold the same to Armstrong by a warranty deed, for full value, in July, 1845. Bailey answered, confessing the petition. An order of publication was taken against Risque, and a formal judgment by default was entered against him.

The cause was tried by the court sitting as a jury, and the court found the facts in controversy as follows: " That on the 8th November, 1840, Wm. Bailey, Patrick H. Scott and Sarah B. Scott made their joint and several bond, under their several seals, whereby they bound themselves to pay to Elizabeth Cabell and her heirs $1860 within one year from the 4th November, 1841; that on the 20th October, 1843, said Wm. Bailey conveyed to F. W. Risque the land described in plaintiffs' petition, in trust to secure the payment in twelve months after date thereof of about $2000 to P. H. & S. B. Scott (the plaintiffs), being the amount of principal and interest due upon a promissory note, made by Wm. Bailey in favor of P. H. & S. B. Scott, and by them endorsed to and then held by Mrs. Elizabeth Cabell, of Virginia; that on the 5th March, 1845, a judgment was rendered in the St. Louis Circuit Court for $1205, in favor

of John W. Nelson, plaintiff, against Wm. Bailey, defendant; that an execution issued thereon, and that the sheriff of St. Louis county did, by virtue of said execution, levy upon and sell all the right, title and interest of Bailey in the land to John F. Darby, who was the highest bidder therefor, for the sum of $895; that the sheriff made a regular deed therefor to said Darby on the 23d April, 1845; that on the 16th July, 1845, John F. Darby, by regular deed of grant, bargain and sale, conveyed said land to D. H. Armstrong for the consideration of $1200; that said sum was then a fair price for said land; that Armstrong had no actual notice of the deed of trust from Bailey to Risque above mentioned; that Mrs. Cabell recovered judgment against the plaintiffs in 1847, upon their aforesaid bond; that plaintiffs paid said judgment to Mrs. Cabell in 1847; that Wm. Bailey paid no part of said judgment; that plaintiffs were the sureties of Wm. Bailey in said bond in fact, but co-obligors on the face of the bond; that Wm. Bailey designed to secure the payment of that bond by the deed of trust to F. W. Risque, and that he misdescribed the instrument intended to be secured by mistake and carelessness.

"Upon the foregoing facts, the court declares the law to be that D. H. Armstrong, being an innocent purchaser for a fair price of the real estate in question, it is not competent for the plaintiffs in this action to subject the said real estate in the hands of Armstrong to the payment to the plaintiffs of the amount which they had paid to Mrs. Cabell as securities for Bailey on said bond for $1860; that the instrument purporting to be secured by the deed of trust being entirely different from the instrument set up by the plaintiffs in their petition as the foundation of the indebtedness, it is not competent for the plaintiffs to establish, by parol evidence, that the description in the deed of trust was made by mistake, so as to authorize plaintiffs to charge the land with the payment of the said bond, the property being in the hands of an innocent purchaser."

*T. T. Gantt*, for plaintiff in error.

I. Armstrong had constructive notice of the deed of trust, it

being alleged in the petition, and not denied in the answer, that it was recorded in St. Louis; besides, it was proved on the trial that it was duly recorded in October, 1843. Having notice of the deed of trust, he had notice that P. H. and S. B. Scott were sureties for Wm. Bailey for the payment of about $2000, principal and interest, to Mrs. E. Cabell, and that the object of the deed of trust was to secure them against their liability as his securities. The record showed that the land was encumbered in favor of the Scotts in the sum of about $2000. It is in nowise material that the instrument, by which their liability to Mrs. Cabell was shown, was misdescribed in the deed of trust. The purchaser, Armstrong, having notice by the record of the liability of the Scotts to Mrs. Cabell, could not have been injured by a misrecital in the deed of trust of the nature of that liability.

II. There is no weight to be attached to the objection that it appeared by the deed of trust that nothing had been paid at the date of the deed by P. H. and S. B. Scott for Wm. Bailey, and that there was no debt due from him to them which could be secured. (See Duvall v. Raisin et al., 7 Mo. 449.)

III. The extinguishment of the debt due Mrs. Cabell did not defeat the security created in favor of the Scotts by the deed of trust.

IV. Parol evidence was admissible to show that P. H. and S. B. Scott, although co-obligors on the face of the bond, were, in point of fact, sureties of Wm. Bailey. (Garrett v. Furguson's adm'r, 9 Mo. 125.)

V. Under the registry acts of other states, it has been held that though there be a mistake in the record of a deed of mortgage, so that the record does not show an encumbrance corresponding to the fact, but does show an encumbrance altogether different; then, if the encumbrance be as great as or greater than the actual encumbrance, the encumbrancer shall be protected. If the encumbrance shown by the record be less clearly than the actual encumbrance, then the encumbrancer shall be protected to the extent of the encumbrance shown by

the record, but no further.  (See Beekman v. Frost, 18 Johns. 544 ; 1 Johns. Ch. 288.)   It follows that the mere misdescription can not injure the claim of the encumbrancer, the material thing being the *amount* of his claim.   Misdescription touching the account on which it accrues, can affect no one injuriously.

VI. The deed of trust should stand good for the whole sum actually due at its date from Bailey to Mrs. Cabell.

*B. A. Hill*, for defendant in error.

I. Armstrong is an innocent purchaser, and it is not competent for plaintiff to charge the land so held by Armstrong, except in strict accordance with the terms of the deed of trust. The deed of trust can not be reformed so as to alter or vary the rights of Armstrong.   There does not appear to have been at the date of the deed of trust any indebtedness by Bailey to plaintiffs ; nor does it appear that plaintiffs had endorsed any promissory note to Mrs. Cabell.   Plaintiffs are guilty of *laches which bar them from* asking the aid of a court of equity.

II. Plaintiffs were joint co-makers of the bond to Mrs. Cabell, and can not prove by parol that they were only the sureties of Bailey.   They are estopped from denying that they are joint co-makers of the bond.   It is impossible then to reform the bond, and there is no prayer for it.   This being clear, the plaintiffs can not insist that the bond, as it stood, was the instrument secured to be paid by the deed of trust.   The plain language of the deed of trust clearly repels any such presumption.   (Jackson v. Sackett, 7 Wend. 94.)   Plaintiffs rely upon the evidence of Wm. Bailey to prove the mistake in the deed of trust and the interest he had in making the deed ; and they attempt to prove by him that the deed was executed for the purpose of securing a different debt from the one described in the deed.   Bailey is not a competent witness to prove such facts. The suit is prosecuted for his immediate benefit ; for if the land is charged with the debt, Bailey is discharged and his debt to plaintiffs is satisfied.   (See art. 25, sec. 2 of practice act of 1849 ; Sess. Acts, 1849, p. 100.)   The instrument sought to be reformed for the alleged mistake is within the statute of

frauds and perjuries, which requires all such instruments not only to be in writing, but also duly acknowledged and recorded. There is no ambiguity on the face of the deed ; there is no pretence of fraud. It is clearly settled that parol evidence is not admissible to control or substantially vary a written instrument. (Porterich v. Poulet, 2 Atkyns, 383 ; 3 Atkyns, 8.) This is the rule at law as well as in equity. (1 Phil. Ev. 448, 449, 551 ; 1 Greenl. Ev. § 275 ; Stackpole v. Arnold, 11 Mass. 30, 31 ; McClelland v. Cumberland Bank, 24 Maine, 566 ; Irnham v. Child, 1 Brown C. C. 92, 95 ; Kick v. Jackson, 4 Brown C. C. 514 ; 1 Phil. Ev. 547, 559 and 561 ; Postimore v. Morris, 2 Brown C. C. 218 ; Woolam v. Hearne, 7 Vesey, 311 ; Cummings v. Arnold, 3 Metc. 489 ; 1 Sugden on Vendors, 155 ; Chitty on Contracts, 97 ; Dwight v. Pomeroy, 17 Mass. 324 ; Bradbury v. White, 4 Greenl. 394 ; Stephens v. Cooper, 1 Johns. Ch. 429 ; Movan v. Hays, 1 id. 339 ; Steer v. Steer, 5 id. 1 ; Church v. Church, 4 Yeats, 280 ; Harrison v. Talbott, 2 Dana, 258 ; Timberlake v. Parish, 5 id. 350 ; Brown v. Haven, 3 Fairf. 179 ; Holmes v. Simons, 3 Desons, 149, 152 ; Dupree v. McDonald, 4 id. 209 ; Tilton v. Tilton, 9 N. H. 392 ; Eveleth v. Wilson, 15 Maine, 109 ; Richardson v. Thompson, 1 Hump. 151 ; Chittwood v. Brittain, 1 Greenl. Ch. 439 ; Babcock v. Smith, 22 Pick. 61, 70 ; Leach v. Leach, 18 id. 68.)

III. Defendant, Armstrong, is an innocent purchaser, and, although he may be said to have had constructive notice of the deed of trust, yet he could not, upon any principle, be held to be affected by the alleged mistake in the deed. He had no notice of any such mistake, and his equity is superior to that of the plaintiffs. (Story's Eq. § 165 *et seq.* 1, 77, 8 ; Sugden on Vend. Ch. 3, p. 143, 159, 7th ed. ; Imenal v. Patterson, 10 Barr. 285 ; Hill on Trustees, 516, 517 ; Jerrard v. Saunders, 2 Ves. jr. 458.) The purchaser must have notice of the mistake, in order to be affected by any such mistake. (United States v. Monroe, 5 Mason, 572 ; Miles v. Bacon, 4 J. J. Marsh. 457, 465 ; Ferras v. Cherry, 2 Vernon, 383 ; Wall v.

Arrington, 13 Geo. 88.) It is well settled that in a case like the present, the mistake must be particularly alleged, and the petition must pray for a reform of the deed. (5 Mason, 572.)

IV. The plaintiffs have suffered too long a time to elapse before seeking to correct the mistake alleged ; there has been gross laches, and as the equities of the plaintiffs and Armstrong are equal, this court ought to refuse any relief upon that ground alone, if there were no other.

RYLAND, Judge, delivered the opinion of the court.

This is an action by Patrick H. Scott and Sarah B. Scott against William Bailey and others. It is founded on a deed of trust, dated October 20th, 1843, made by Bailey to Ferdinand W. Risque, of a certain tract of land in St. Louis county, in order to secure among other things " the payment, in twelve months from the date thereof, of about two thousand dollars, to Patrick H. Scott and Sarah B. Scott, being the amount of principal and interest due on a promissory note made by Bailey, in favor of said Patrick H. Scott and Sarah B. Scott, and by them endorsed, and then held by Mrs. Elizabeth Cabell, of Virginia." The action is against the said Bailey as the creator of the trust, the trustee, Risque, and the purchasers under Bailey, in order to subject the property to the purposes of the trust. The proceeding is under the act of 1847, authorizing deeds of trust to be foreclosed as mortgages. The deed of trust was properly recorded ; the facts were found by the court as set forth in the statement of this case ; and the court below, upon the facts found, dismissed the plaintiffs' petition. Plaintiffs bring the case here by writ of error.

The court found " that Wm. Bailey, Patrick H. Scott and Sarah B. Scott, on the 8th of November, 1840, made their joint and several bond, under their seals, whereby they bound themselves to pay to Elizabeth Cabell and her heirs one thousand eight hundred and sixty dollars within one year from the 4th of November, 1841." The court also found that the plain-

tiffs, P. H. Scott and Sarah B. Scott, were the sureties of Wm. Bailey in said bond in fact, but co-obligors on the face of the bond; that Bailey designed to secure the payment of that bond by the deed of trust to Risque, but that it was misdescribed by mistake. The court found that Mrs. Cabell recovered judgment on the said bond in 1847, against the plaintiffs, and that the plaintiffs paid it.

The debt secured in the deed of trust is described as follows: "The payment, in twelve months from date of the deed, of about two thousand dollars to P. H. and S. B. Scott, being the amount of principal and interest due on a promissory note made by Wm. Bailey, in favor of P. H. and S. B. Scott, and by them endorsed, and then held by Mrs. Elizabeth Cabell, of Virginia." The question here is, whether the description given in the deed is, in point of law, a sufficient description of the liability secured against. And it is not, whether parol evidence is admissible to reform the deed, or to show that by mistake one debt was described, when another and a different debt was intended. In the opinion of this court, the description is sufficient, and the court below should have so regarded it. The grantor in the deed of trust did not pretend to describe the instrument with certainty. He says, the payment of about $2000 to P. H. and S. B. Scott, principal and interest, on a promissory note, made by Bailey in favor of them, and by them endorsed and now held by Elizabeth Cabell, of Virginia; whereas, the debt was evidenced by a bond to Mrs. Cabell by Bailey, and the two Scotts were his sureties to her. The object was to secure them for their liability for Bailey's debt to Mrs. Cabell. There was no attempt to describe the instrument particularly; neither the date, the time when due, nor the amount. The grantor knew that he owed Mrs. Cabell about two thousand dollars; he knew that P. H. and S. B. Scott were bound as his sureties to her for the debt, and in his deed of trust he describes the debt as evidenced by his note to his sureties and by them endorsed to his creditor. The principal matters are set forth with certainty

enough : the creditor, Mrs. Cabell, of Virginia ; the securities, and the debt.

In Jackson v. Bowen, (7 Cow. 13,) the reference in a mortgage to the collateral surety was to a bond *bearing even date* for $750, executed by the mortgagor to the *mortgagees.* The bond intended was dated a few days prior to the date of the mortgage ; was to the mortgagees and two others ; and was a bond of indemnity, &c., against a promissory note for $750, executed by the mortgagees and two others to the mortgagor or order, dated November 18, 1817, which the makers were obliged afterwards to pay ; it was held that the variance was immaterial, and that the reference was sufficiently certain, or, if not, that it might be made so by parol evidence, showing that this was the bond intended. The note in this case, intended by the mortgage, was *on demand,* payable to the mortgagor or *bearer,* and dated on the 17th of November, 1817 ; whereas, the bond recited it as a note for $750 generally payable to the obligor or *order,* and dated 18th November, 1817. This variance was considered as immaterial, and it was held that the obligees might, by parol, show what note was intended by the bond. Woodworth, J., in delivering the opinion of the court, said : " The mortgage was prior to the judgment ; it was to secure $750 according to the condition of a bond executed to the mortgagees. The bond produced was executed to the mortgagees. The reference in the mortgage is not of a bond to them solely, and the addition of two other names is not therefore contradictory. The mortgage does not profess to set out the bond particularly. What is stated is a matter of description merely, not an affirmation of the precise form of the bond. The material fact alleged is, that there was a bond to secure $750 to the persons named as mortgagees ; but whether to them solely or jointly with others, is not averred. It is well settled that even a mistake in a recital to a bond does not vitiate, for it is no direct affirmation, and is not an essential part. In what manner and at what time the bond was payable, is nowhere alleged ; that necessarily depended on the instrument

referred to. The legal presumption is, that this was the bond intended, at least until some doubt was raised. But there is no room for presumption; the fact is established by parol testimony, which was properly admitted. The condition of the bond recites the giving of a note for $750, payable to Noble or bearer. Here, the same principle that makes the bond admissible under the description in the mortgage, is applicable. The note is substantially described; the substitution of *bearer* for *order*, according to the doctrine before advanced, is immaterial. It was a mis-description merely. There is satisfactory evidence that this was the note against which the makers were secured. They have taken it up, and were entitled to the benefit of the mortgage as a valid security." We think the principles of this case from Cowen are correct and sound, and, applying them to the case at bar, it will appear very conclusively that the variance in the description of the debt secured from the debt intended to be secured, and which existed at the time of making the deed of trust, is immaterial. The principal object was to secure the two Scotts as his sureties in a debt due by him (Bailey) to Mrs. Elizabeth Cabell. The deed did not pretend to describe minutely the instrument by which this debt was evidenced; and the plaintiffs having taken up the bond for which they were his sureties and brought suit upon the deed of trust, it is legally presumed that this was the instrument by which their liability was created for Bailey, and to secure them against which this deed was executed. But the proof of Bailey puts it beyond doubt. The finding of the court also puts it beyond doubt. (See Johns v. Church, 12 Pick. 557.)

There can not be a necessity for this court again to assert that parol proof is properly admissible to show that a co-obligor in a note or bond is a surety for the principal obligor therein. In Duvall et al. v. Rasin et al. (7 Mo. 449,) this court held that endorsers were viewed as creditors, and a deed of assignment for their security is valid, although no payments had been made by them at the time of its execution. The defendants were at liberty to show that this was not the debt in-

tended to be secured by the deed of trust; but in the absence of all proof that there ever was any other debt to Mrs. Cabell which was secured to her by the Scotts as sureties for Bailey, and with the proof before the court, judgment should have been rendered in favor of plaintiffs, subjecting the trust property to sale.

Had the plaintiffs alleged in their petition that they had never become the sureties for Bailey in any other but the one debt, and that this was evidenced by the bond set forth in their petition to Mrs. Cabell, there could not have remained a shadow of doubt upon their right to offer the proof by parol, that this was the intended debt alluded to in the deed of trust, and consequently of their right to recover and subject the trust estate to the purposes therein mentioned.

Upon the whole case, it is the opinion of this court that the judgment below must be reversed, and the cause remanded, the other judges concurring.