STATE OF MISSOURI, TO USE OF WILLIAM PATRICK, SUCCESSOR TO E. W. DECKER, DECEASED, ASSIGNEE, ETC., Respondent, *v.* CHARLES C. KEELER, Appellant.

1. *Assignment, what instrument sufficient to constitute.*— The absolute owner of personal property has the right to make a voluntary assignment of the same, by any description which, together with parol evidence, may ascertain the property conferred.

2. *Assignment, fraudulent — Fraud must be participated in by assignee, etc.*— In an action attacking an assignment as fraudulent, in order to set aside the deed the creditors must make it appear not only that the assignment was fraudulent on the part of the assignor, but that the fraud was participated in by the assignee, and that issue must be determined by the jury when there is any conflict of evidence.

*Appeal from St. Louis Circuit Court.*

*G. P. Strong*, for appellant.

*Krum & Patrick*, for respondent.

ADAMS, Judge, delivered the opinion of the court.

On the 4th of May, 1867, Lytle Wiggin and Richard Crowther made a general assignment for the benefit of all their creditors, under the first section of the assignment law of this State. (Wagn. Stat. 150–1, § 1.) The assignment was made to E. W. Decker, to whose use this suit was brought. It was made in St. Louis, where the assignors did business, and the assignee was absent from the city on the day (Saturday) it was executed. The assignors were wholesale merchants, and on executing the assignment they delivered the key of their store to Judge Krum, who had written the assignment, and who assumed to act for the assignee in his absence, and took possession of the store, by putting Dunklin, the former clerk of the assignors, in actual possession, to hold the same for the assignee. The assignee returned on the following Monday, which was the 6th of May, and immediately took possession of the store and goods, and continued Dunklin therein as his agent, and proceeded at once, under the statute, to have the goods inventoried and appraised. He filed the assignment in the clerk's office, and it was duly acknowledged and recorded on the 8th of May.

The description of the property conveyed by the assignment is, "all the goods, chattels and property, effects, notes, bills and special accounts, which we have or own, and which belong to said firm of Wiggin & Crowther, of whatsoever nature, wherever situated." The only property shown to or delivered to the assignee was the goods, etc., in the store. It seems, however, from the evidence, that the assignors had, previously to the assignment, sent goods to an auction house in the city, and that this house had sold the goods to the amount of some $4,000, which was paid over to the assignors a few days after the assignment; and also another small amount was paid over to them.

State of Mo., to use of Patrick, successor to Decker, dec'd, Assignee, v. Keeler.

And it also appears that the assignors had some goods secreted, which were sent by them out of the State. There is no evidence in the record that the assignee or his agents knew or had any information whatever of these transactions. He took possession, under the assignment, of everything he supposed to be included in the assignment, and at once took steps to obtain the goods that had been sent out of the State. None of the creditors availing themselves of the assignment are proven to have had any information of the abstractions referred to.

A few days after the assignee took possession, Valentine & Co. commenced an action by attachment against the assignors, and the sheriff took possession of the goods in the hands of the assignee by virtue of his attachment. E. W. Decker, as assignee, claimed them, and thereupon the defendants executed a bond of indemnity, under the statutes concerning marshals and sheriffs in St. Louis county, and it is upon this bond of indemnity that this suit was brought. The plaintiff obtained judgment, which was affirmed at General Term, and the defendants have brought the case here by appeal.

At the close of the plaintiff's evidence the defendants asked an instruction in the nature of a demurrer to the evidence, which was refused.

When the case was closed on both sides, the plaintiff asked an instruction, which was given, to the effect that if the jury found that the deed of assignment was duly executed, and the assignee took possession of the goods assigned, he is entitled to recover.

The defendants asked general instructions, raising the question of fraud as to creditors, and declaring that if such was the case, the assignment was fraudulent and void. But the court refused to give them.

1. The demurrer to the evidence and the instruction given for plaintiff may be considered together. The only question on this point is whether the deed of assignment is void for uncertainty in the description of the property conveyed, and whether the description is so general as to render it void upon its face as to creditors.

It may be assumed as a proposition of universal acceptance that

the absolute owner of property has the right to transfer the same by any description which, together with parol evidence, may ascertain the property conveyed. This rule applies to transfers by the owner himself, and not to sales *in invitum* of his property, such as execution sales; where the officer must have such a description as will notify the bidders with certainty as to the property offered for sale, so as to prevent a sacrifice to the injury of the debtor or creditor.

This, however, is a voluntary assignment made by the owners themselves, by a description comprehending all their property, wherever situate, for the benefit of all their creditors.

In the case of Brashear v. West *et al.*, 7 Pet. 608, Marshall, C. J., speaking for the court, said: "It is objected that the assignment is in general terms, and that no schedule of the property is annexed. That a general assignment of all a man's property is *per se* fraudulent, has never been alleged in this country. The right to make it results from that absolute ownership which every man claims over that which is his own." " Creditors have an equitable claim on all the property of their debtor, and it is his duty, as well as his right, to devote the whole of it to the satisfaction of their claims. The exercise of this right by the honest performance of this duty cannot be deemed a fraud." (See also Deaver v. Savage, 3 Mo. 252; Duvall *et al.* v. Raisin *et al.*, 7 Mo. 449.)

I am satisfied that the assignment under consideration is not void on its face as between the parties, nor as to creditors, on account of the alleged generality in the description of the property conveyed.

2. The second and only remaining question is whether the defendant's instructions should have been given. As abstract propositions of law applied to a proper case, they were doubtless correct. If the fraudulent debtor alone had been the party contesting the right of a creditor by attachment to maintain such a suit, these instructions would have been very appropriate. But here the assignee is the party claiming the property, and in such case it must not only be shown that the conveyance was fraudulent as to the assignor, but that the assignee participated in the

fraud, or accepted the trust with knowledge or information of the fraud of his assignor. There is no evidence in this record to warrant such an inference.

If there was any evidence connecting the assignee with the fraud, this court could not undertake to pass upon its sufficiency. That would be a matter alone for a jury. Here it is not a question of the sufficiency of the evidence, but there is a total want of evidence on which to base the instructions.

Judgment affirmed. The other judges concur.