STATE OF MISSOURI, EX REL. CHARLES J. BLAKE, Respondent, *v.* S. C. CABANNE ET AL., Appellants.

November 6, 1883.

CHATTEL MORTGAGE — DESCRIPTION — EVIDENCE. — A description of property conveyed by a chattel mortgage is sufficient if it can be identified by a third person upon reasonable inquiry, and oral testimony in aid of the description is admissible.

APPEAL from the St. Louis Circuit Court, LUBKE, J. *Affirmed.*

R. W. GOODE and M. W. HUFF, for the appellants.

L. J. SMITH, for the respondent.

THOMPSON, J., delivered the opinion of the court.

This is an action on an indemnifying bond given in an attachment suit before a justice of the peace. The relator claimed the property as the assignee of a chattel mortgage. The mortgage, when offered in evidence, was objected to on the ground that it did not contain a sufficient description of the property to impart notice to a subsequent creditor under the statute relating to mortgages of personal property. Rev. Stats., sect. 2503. The court overruled this objection and the propriety of this ruling is the only question in the case.

The property is described in the mortgage as follows: "The following goods and chattels now situated and being at No. 1009 Chestnut Street, St. Louis, Missouri, namely: four bed-room sets of furniture, four mirrors, four chamber sets, all the kitchen utensils, such as stove, stoveware, tinware, ironware and kitchen furniture, such as tables, chairs, etc., thirteen pictures, one hundred and seventy-five yards of carpeting, one full set of dishes, knives, forks, cups, saucers and all of the remaining tableware whatsoever, three lounges, lace curtains, window shades, rugs, mats, bedding, mattresses, sheets, pillows and covers to beds as above named, together with all and every other piece of personal property or household furniture or furnishing situated at the above named house." The property as described in the indemnifying bond which conforms without substantial variance to the description in the levy and in the claim was as follows: —

"One full M. P. French dresser chamber set, one wardrobe (glass door), 2 pair lace curtains, 9 pictures, 1 brown rep parlor suit, 7 pieces, 1 mattress, 1 pair springs,

1 bolster, 2 pillows, 2 comforts, 1 large round top
marble table, 1 small round top marble table, 1 mirror,
1 large hall-tree, of the value of one hundred and thirty-
one $^{50}/_{100}$ dollars.'' It will be perceived that when this
mortgage was given, the property was situated in the house
1009 Chestnut Street, St. Louis. But when the levy was
made, the mortgageor, Lilly Williams, had removed from
that place to No. 105 North Tenth Street. The desig-
nation in the mortgage of the house in which the mortgaged
property was situated was undoubtedly a material part of
the description, but the validity of the mortgage was not
impaired by the removal of the property to another house
(*Fuert* v. *Rowell*, 62 Mo. 524 ; *Wheelden* v. *Wilson*, 44 Me.
11), provided the description, excluding the statement of the
house in which the articles were situated at the time of the
mortgage, was otherwise sufficiently definite. Upon the
question what descriptive terms are sufficiently definite in a
chattel mortgage to render the instrument valid as against
subsequent creditors or purchasers, we can find no direct
authority in this state.

It is quite clear that descriptive words which might be
sufficient as between the mortgageor and mortgagee might
be wholly insufficient in a contest between the mortgagee
and a subsequent creditor or purchaser of the mortgage, as
was suggested by Hough, J., with reference to the descrip-
tive words in a deed conveying land. *Gatewood* v. *House*,
65 Mo. 663. But from the nature of the case, personal
property can not be described in a deed of conveyance with
the same accuracy as real estate. In many, indeed in most
cases, it is impossible to describe such property so that it
can be identified from the terms of description employed
without the aid of extrinsic evidence. Accordingly, it is
well settled that a description of the property conveyed in
a chattel mortgage is sufficient if it will enable a third per-
son to identify the property after reasonable inquiry ; and
further, that in legal proceedings, when the inquiry is

whether particular property was intended to be embraced in such an instrument, parol evidence is admissible to aid the descriptive terms there employed. These principles are laid down and illustrated at length in a recent valuable work on chattel mortgages (Jones Chat. Mort., sects. 53–77); and it is quite clear from the illustrations there given, that the description in this instrument was sufficient. The court, therefore, committed no error in admitting it in evidence, and the judgment is accordingly affirmed. All the judges concur.