Campbell v. Allen.

R. M. CAMPBELL, Respondent, v. RICHARD ALLEN, Appellant.

Kansas City Court of Appeals, December 2, 1889.

1. Promissory Notes: PAYMENT OR PURCHASE: INTENTION: ASSIGNMENT. Where a stranger to a note, after its maturity, goes to the bank, where it is left for collection, with his own money, takes up the note, and demands an assignment thereof, which is refused, only on grounds of a want of authority to assign in the cashier, who, however, endorsed the payment on the note, and delivered the same, with mortgage securing it, to such stranger, and, within

| | |
|---|---|
| 38 | 27 |
| 42 | 12 |
| 42 | 154 |
| 38 | 27 |
| 44 | 435 |
| 38 | 27 |
| 55 | 162 |
| 38 | 27 |
| 62 | 622 |
| 38 | 27 |
| 67 | 480 |
| 38 | 27 |
| 69 | 376 |
| 38 | 27 |
| 80 | 664 |
| 38 | 27 |
| 84 | 632 |
| 38 | 27 |
| 93 | 129 |

a few days, the owner of the note, on request, assigned the same in due form, it being clearly the intention of such stranger, from the inception of the transaction, to purchase, and not to pay off, the debt, the law will heed such intention and enforce the rights to the property.

2.   **Chattel Mortgage :** RULE AS TO DESCRIPTION: PAROL EVIDENCE. The description of property conveyed in a chattel mortgage is sufficient if it will enable a third person to identify the property, after reasonable inquiry; and where the inquiry is, whether particular property was intended to be embraced, parol evidence is admissible to aid the descriptive terms employed.

3.   —— : —— : SUFFICIENT DESCRIPTION. A description of the property as "one sorrel mare, about six years old, and about sixteen hands high," the property of the mortgagor in Saline county, is sufficient.

*Appeal from the Saline Circuit Court.*—HON. RICHARD FIELD, Judge.

AFFIRMED.

*Rich & Rector*, for the appellant.

(1) The demurrer to the evidence of plaintiff should have been sustained.   Plaintiff claimed the property by virtue of the deed of trust, and the description of the sorrel mare, mentioned in the deed of trust, was no such description as would distinguish her from the general class of sorrel mares. *Stonebraker v. Ford*, 81 Mo. 533; *Hughes v. Menefee*, 29 Mo. App. 203. (2) The note in question was never the property of Polly B. Price, so as to give her any rights under the deed of trust.   There cannot be a sale and transfer of a note so as to affect third parties, unless the assignment be made at the time of payment, and it is agreed and intended that the note shall be, and is being, assigned at the time of payment. 2 Dan. Neg. Inst. [2 Ed.] secs. 1221 and 1222, pp. 231 and 232.   The payment to the bank of the sum of one hundred and twelve dollars, by J. H. Price, agent for Polly B. Price, did not vest title to note in Polly B. Price.   *Wolf v. Walters*, 56 Mo. 292.

*T. H. Harvey* and *D. D. Duggins,* for respondent.

(1) If Mrs. Polly B. Price furnished the money, at the instance of Frank Price, and paid it to the bank, on the note, secured by a deed of trust, she became subrogated to all the rights of the holder, and was entitled to the benefit of the deed of trust, and that, too, without any assignment. Herman on Chat. Mort., sec 178, p. 423; *Wolf v. Walton,* 56 Mo. 292; *Allen v. Dermott,* 80 Mo. 56. (2) The description of the mare is amply sufficient to identify her. Where the property was described as "twenty head of native two-year old steers," it was held sufficient. *Bank of Odessa v. Jennings,* 18 Mo. App. 657. (3) The description is sufficient if the property can be identified by a third party, upon reasonable inquiry. *State ex rel. v. Cabanne,* 14 Mo. App. 294; Herman on Chat. Mort., sec. 38, p. 73.

GILL, J.—This is an action of replevin, brought by the plaintiff trustee, to recover the possession of a sorrel mare. The plaintiff succeeded below, and defendant has appealed to this court.

Plaintiff claims title, as trustee, under a deed of trust, executed by Frank N. Price, the former owner of the mare, to secure payment of a note of one hundred and fifty dollars, made by said Price to Samuel L. Black, while defendant claims title under an execution sale. If the note, thus secured, was, at the commencement of this suit, still an existing legal obligation and had not been paid, and if said deed of trust was sufficiently specific in description to include the mare, then, it would seem, plaintiff was entitled to recover, otherwise, not. The evidence, without substantial conflict, discloses the following state of facts:

Some time after the maturity of the note of Frank N. Price to Black, Polly B. Price, the wife of said

Frank, sent Joseph Price, Frank's brother, to a bank at Slater, Missouri, where Black had placed the note for collection, with instructions to pay the amount due on the note, and take an assignment of the note to her. Joseph Price took the money thus furnished by the said Polly Price and went to the bank, paid the amount due on the note and requested the cashier to assign the same to Polly Price. The cashier refused to assign the note in writing, as he said he was not authorized to do so. Joseph Price objected to marking it *paid*, and thereupon the cashier simply endorsed, on the back of the note, a receipt from Polly B. Price of the one hundred and twelve dollars, balance due, and delivered over to Mrs. Price's agent the said note and deed of trust.

Some three or four days subsequent, Joseph Price, relying on the advice of an attorney, that to clothe Mrs. Polly Price with the rights of a holder and owner of the note, it would be best to have a written assignment on the back thereof from Mr. Black, applied to Black, and did secure an endorsed assignment in these words :

"For value received I assign the within note to Polly B. Price, without recourse on me.

"(Signed)                         S. L. BLACK."

The question is, did the transaction amount to a payment, or was it a purchase of the note.

There can be no doubt as to Mrs. Price's *intention* in the matter. She purposed becoming the *owner* of the note. She intended a *purchase* of the instrument, not its *payment*. It is true, that the bank officer, holding for collection for Mr. Black, refused to pen an assignment on the note, and that Mrs. Price took the same without such endorsement. Yet she paid the one hundred and twelve dollars, and the note and deed of trust were given into her possession, with a distinct understanding, as the evidence shows, that she was then the owner, and she was then the owner to every intent and purpose. It did not require an endorsement in

writing to invest her with the ownership of the property. Mrs. Polly Price was not a party to the note, was under no legal obligation to pay it.

This being so, and it being clearly the intention, from the inception of the transaction, that she should use her own money, as she did, to purchase, and not to pay off and discharge the debt, the law will heed such intention and enforce the rights to the property. *Swope v. Leffingwell*, 72 Mo. 348; *Allen v. Dermott*, 80 Mo. 56, 59.

The position of defendant's counsel, that the mortgage, or rather deed of trust, of Frank N. Price to Campbell, to use of Black, is void for uncertainty of description, is not well taken.   "It is well-settled that a description of the property conveyed in a chattel mortgage is sufficient if it will enable a third person to identify the property after reasonable inquiry; and, further, that in legal proceedings, when the inquiry is whether particular property was intended to be embraced in such an instrument, parol evidence is admissible to aid the descriptive terms there employed." *State ex rel. v. Cabanne*, 14 Mo. App. 294; *Bank of Odessa v. Jennings*, 18 Mo. App. 651; Jones on Chat. Mort., sec. 64, etc.   The mortgaged property, in this case, was described as that of the mortgagor in Saline county, Missouri, and as " one sorrel mare, about six years old, and about sixteen hands high." By aid of this description, and upon "reasonable inquiry," third persons could but be well-advised that the mare in controversy was intended by the description. It would have been learned by "reasonable inquiry," that the mortgagor had but one sorrel mare, and that she was about six years old and fifteen and one-half to sixteen hands high.

This cause was fairly tried, and submitted under instructions to which there could be no substantial objection. The judgment of the circuit court is affirmed. All concur.