ROBERT G. RANNEY, Appellant, v. WILLIAM MEISENHEIMER, Respondent.

St. Louis Court of Appeals, March 12, 1895.

1. **Sales**: IMPLIED WARRANTY OF TITLE: DAMAGES. A sale of chattels in the vendor's possession for full value implies a warranty of title; and if the chattels are, at the time, subject to a valid lien, the vendee may redeem them for less than the purchase price, and recover the amount paid by him from the vendor.

2. ———: ———: ADMINISTRATOR SALE. But there is no such warranty in an administrator's sale of chattels.

3. ———: ———: RIGHTS OF THIRD PERSON. The warranty can not be enforced by a third person, unless he claims as the assignee of it. Accordingly, it can not be enforced by a third person on the ground of a purchase of the chattels by him at a sale made by the administrator of the vendee.

Ranney v. Meisenheimer.

**4. Chattel Mortgages:** DESCRIPTION OF PROPERTY: LAW AND FACT. A chattel mortgage is not void as to third persons for indefiniteness in the description of the mortgaged property, if the description, with the aid of such inquiries as the mortgage itself suggests, is sufficient to enable a third person to indentify the property. And *held*, that the adequacy, in that respect, of the mortgage in question herein was an issue of fact for the jury.

*Appeal from the Cape Girardeau Court of Common Pleas.*—HON. ALEXANDER ROSS, Judge.

REVERSED AND REMANDED.

*R. H. Whitelaw* and *B. F. Davis* for appellant.

(1) Plaintiff's first instruction rightly declares the law. Where a vendor, in possession of personal property, sells for full value, a warranty of title is implied. (*Robinson v. Rice*, 20 Mo. 229; 2 Kent's Commentaries [2 Ed.], 478), whether the vendor knows of any defect in his title or not, and whether he does or does not make a distinct affirmation of his title. 1 Parsons on Contracts [6 Ed.] *574, 575 and note e. And an incumbrance of a chattel mortgage is a breach of said implied warranty. *Dryden v. Kellogg*, 2 Mo. App. 87. (2) Plaintiff's second and third instructions ought also to have been given. If the title to the oxen had failed before defendant sold them to plaintiff and while defendant was in possession of them, defendant could not have maintained a suit against plaintiff on plaintiff's implied warranty of title in the resale of the oxen to Keith. Even if covenants of warranty or title do run with personal property the same as with real estate, its running would be stopped in this case by defendant's purchase of the oxen at public sale from Keith's administrator, just as in a real estate case its running would be stopped by a quitclaim deed in the chain of title. The doctrine of *caveat emptor* applies to a pur-

chase at a sheriff's or administrator's sale, and there is no warranty of title at such sale. *Hensley v. Baker,* 10 Mo. 157; 1 Parsons on Contracts [6 Ed.], *573, 574, note c.

*Wm. H. Miller* and *Frank E. Burrough* for respondent.

(1) Ranney, the warrantee, voluntarily paid off the outstanding mortgage. The burden is then on him to show conclusively that it was a valid and subsisting lien on the cattle. *Matheney v. Mason,* 73 Mo. 677; *Dryden v. Kellogg,* 2 Mo. App. 87. (2) The evidence of Ranney that the cattle sued for and described in the mortgage were the same, was clearly incompetent. Parol evidence is inadmissible to aid the description in a mortgage. *Chandler v. West,* 37 Mo. App. 631. (3) The mortgage is void for uncertainty. *Chandler v. West, supra; Bozeman v. Field,* 44 Mo. App. 432. In several cases, bad descriptions have been sustained on account of the *locus. Campbell v. Allen,* 38 Mo. App. 27; *Estes v. Springer,* 47 Mo. App. 99.

ROMBAUER, P. J.—This case, although involving a comparatively small amount, raises a question of first impression. The question is this: Can an innocent vendor of a chattel, whose title is defective, recover damages for breach of implied warranty of title from his subvendee, from whom he rebuys the chattel; it being shown that such subvendor has bought the chattel without warranty of title, express or implied, and that the defect did exist continuously during the period covered by the successive sales.

The facts briefly stated are these. One Held, in 1887, owned some personal property, including a yoke of oxen. He mortgaged all this property to one Brown

to secure a large debt, and the mortgage was duly recorded so as to impart constructive notice of its contents. While this mortgage was in full force, Held sold this yoke of oxen to one Keith, who sold them to the plaintiff, who resold them to Keith. Keith died and the oxen were sold at administrator's sale to the defendant, who took possession of them, and, while in the possession of them, resold them to plaintiff. Part of the mortgage executed by Held remaining unpaid, parties claiming under the mortgage demanded the oxen from the plaintiff after he had repurchased them from the defendant. The plaintiff, finding that he could not resist the claim under the mortgage, surrendered the oxen, and afterwards redeemed them for less than their value. He brings the present action against the defendant to recover the amount, thus paid, as damages resulting to him from the breach of the implied warranty of title in the sale from the defendant to him.

All the evidence concedes that neither the plaintiff nor the defendant had *actual* notice of the existence of the mortgage, although both had the constructive notice given by the record of the mortgage. All the evidence likewise concedes that the successive sales above mentioned were made for full value. These facts being disclosed by the evidence, the plaintiff asked the following instructions which the court refused to give:

"Although the jury may believe from the evidence that plaintiff, Ranney, had previously owned the yoke of oxen in controversy before defendant sold them to plaintiff, and during the existence of the mortgage offered in evidence, yet, nevertheless, the court instructs you that that fact is no defense to plaintiff's cause of action in this suit.

"If the jury believe from the evidence that the defendant, Meisenheimer, bought the oxen in controversy at public sale, then the court instructs you that he bought at his own peril, and that he can not, as a defense to this suit, take advantage of the fact that plaintiff had previously owned the oxen."

The defendant asked the following instructions, which the court gave:

"The court instructs the jury that, if you believe from the evidence that at the time the defendant, Wm. Meisenheimer, sold the property in controversy to plaintiff Ranney, he did not know there was a mortgage subsisting against the same, and that, when he bought he paid for it an adequate consideration, and that he at that time knew that the plaintiff had, prior thereto, owned said property, then Meisenheimer had a right to presume that the plaintiff, Ranney, knew the condition of the title; and, if you so find, your verdict will be for the defendant."

"The court instructs you that, if you believe from the evidence that Joe Held once owned the cattle and placed a mortgage thereon, and that subsequently thereto Ranney obtained the title to said property and conveyed the same to Keith, and that the defendant, Meisenheimer, acquired said title from Keith, or his administrator, and subsequently sold the same to Ranney, and that neither had knowledge of said mortgage, then plaintiff acquired only such title as he conveyed to Keith, then in that event he can not recover in this action."

The jury found a verdict for the defendant, and the plaintiff appeals and assigns for error the action of the court in giving and refusing instructions.

The error is well assigned. It is the settled law of this state that a sale, for full value, of chattels in possession of the vendor implies a warranty of title,

and that, where chattels are subject to a valid lien at the time, the vendee may redeem them for less than the purchase price, and recover the amount thus paid from his vendor. *Robinson v. Rice*, 20 Mo. 229; *Matheny v. Mason*, 73 Mo. 677; *Dryden v. Kellogg*, 2 Mo. App. 87. That proposition is conceded by the respondent, but he claims it is inapplicable to the facts of this case, because here the plaintiff sold with a similar warranty on which the defendant had a right to rely. That argument is untenable. Warranties of chattels are available only between the parties to the contract, and not in favor of third parties, unless they claim as assignees of the warranty. But on what principle can the defendant claim as an assignee of the warranty, when he bought at administration sale, and it is the settled law of this state that there is no warranty in such sales. *Hensley v. Baker*, 10 Mo. 157; *Estes v. Alexander*, 90 Mo. 453.

The court, upon defendant's request, also instructed the jury as follows:

"You are instructed that, before you can find a verdict for the plaintiff, you must believe from the evidence, not only that the cattle sold by Meisenheimer to Ranney were the identical cattle described in the mortgage introduced in evidence, but that, from the mortgage itself and such reasonable inquiries as the mortgage itself suggests, the cattle can be identified."

The complaint made to this instruction is untenable. It states a correct proposition of law, and one applicable to the facts. The property sold by defendant to plaintiff is described in the mortgage "as one white steer with red spots about head and neck, called Buck by name, and one red steer called Red by name, both six years old past." It appears inferentially by other parts of the mortgage that the oxen were in the mortgagor's possession in Cape Girardeau county when

the mortgage was made. The rule in this state is that a mortgage is not void for indefiniteness when the description of the property is sufficient to enable a third person to identify the property with the aid of such inquiries as the mortgage suggests. *State ex rel. v. Cabanne*, 14 Mo. App. 294; *Jennings v. Sparkman*, 39 Mo. App. 663; *Estes v. Springer*, 47 Mo. App. 99. Within this rule it was a question of fact for the jury to determine whether the description in the mortgage was sufficient to identify the property.

The judgment is reversed and the cause remanded. All concur.