LEMUEL J. WILLIAMSON, Appellant, v. GEORGE W. WYLIE, Defendant; BANK OF CURRYVILLE, Claimant, Respondent.

St. Louis Court of Appeals, February 23, 1897.

1. Construction of Statutes: SECTION 4928, REVISED STATUTES. 1889, CONSTRUED: FAILURE OF CLAIMANT TO GIVE DELIVERY BOND: WAIVER: ELECTION. The entire scope and purpose of section 4928 of the statute is to try the rights of property, to make orders, and to render judgments concerning it. If, after taking an indemnifying bond, the officer, on a failure of the claimant to give a delivery bond, gives the statutory notice, and sells *under the execution*, and pays the proceeds to the execution creditor, as he is bound to do, nothing is left to be tried under section 4928; and such failure on the part of the claimant is equivalent to a waiver of his right to try the rights of property in the manner provided by this section, and an election to let the property sell under the execution, a..d rely on some other legal remedy for redress.

Williamson v. Bank of Curryville.

2. Sale of Personal Property by Special Order of Court: CHATTEL MORTGAGE: INDEMNIFYING BOND: JURISDICTION. But where an execution creditor caused an execution to be issued on a judgment in his favor, and the sheriff levied upon certain cattle belonging to the defendant in the execution, to which claim was made and notice served on the sheriff by the holder of a chattel mortgage on the same, and the execution plaintiff gave the sheriff an indemnifying bond, and the cattle were sold *under an order of court made in vacation,—* *Held:* That the court had jurisdiction to try the right to the proceeds of sale, on the returns made by the sheriff, and there was no error in submitting the issue to the jury under section 4928 of the statute.

3. ———: ———: INADEQUACY OF DESCRIPTION: JURY QUESTION. If the property can, upon inquiry, be identified from the mortgage, it is a sufficient description; and whether the description is adequate is a question of fact for the jury under proper instructions from the court.

*Appeal from the Pike Circuit Court.*—HON. REUBEN F. ROY, Judge.

AFFIRMED.

*J. D. Hostetter* for appellant.

The description in the mortgage was wholly insufficient to enable third parties to identify the property with the aid of such inquiries as the mortgage suggested, and the mortgage was void. *Bozeman v. Field*, 44 Mo. App. 432; *Stonebraker v. Ford*, 81 Mo. 532; *Jennings v. Sparkman*, 39 Mo. App. 663; *Randol v. Buchanan*, 61 *Id*. 445; *Mackey v. Jenkins*, 62 *Id*. 618. The claimant gave no forthcoming bond, and the property had been sold by the sheriff long prior to the trial, and to the term of court, at which the sheriff returned the claim, and plaintiff's bond. *State ex rel. v. McBride*, 81 Mo. 349; *Lloyd v. Tracy*, 53 Mo. App., at 180; *Stevens v. Springer*, 23 *Id*. 375.

*Tapley & Fitzgerrell* and *Clark & Dempsey* for respondent.

The sufficiency of the description was a question for the jury. *Lafayette Bank v. Metcalf*, 29 Mo. App. 384,

394, 395; *Jennings v. Sparkman*, 39 *Id.* 663, 670; *Estes v. Springer*, 47 *Id.* 99; *Campbell v. Allen*, 38 *Id.* 27; *State ex rel. v. Althaus*, 60 *Id.* 122, 126; *Ranney v. Meisenheimer*, 61 *Id.* 434.

The debt secured by the mortgage was overdue at the time of the levy under the execution. The mortgage authorizes possession to be taken by the mortgagee in case of sale or an attempted sale of the property. Hence levy could not be made. *State to use v. Murphy*, 64 Mo. App. 63; *Robinson v. Campbell*, 8 Mo. 365; *Bowens v. Benson*, 57 *Id.* 26; *Lacy v. Gibony*, 36 *Id.* 320, 322; *State to use v. Carroll*, 24 Mo. App. 358.

The court has jurisdiction where the execution creditor gives bond. *Stevens v. Springer*, 23 Mo. App. 375; *Lloyd v. Tracy*, 53 *Id.* 175, 180; *Martin v. Fox*, 40 *Id.* 664.

BLAND, P. J.—On January 15, 1896, an execution was issued out of the clerk's office of the Pike county circuit court in favor of Lemuel J. Williamson, and against George W. Wylie, on a judgment for $1,198.38 and costs, rendered March 6, 1894. The sheriff, on the sixteenth day of January, 1896, levied this execution upon "sixteen head of fat cattle," as the property of the defendant Wylie. On the next day, January 17, the Bank of Curryville gave the sheriff the following notice:

"BOWLING GREEN, Jan. 17th, A. D. 1896.

"*To William L. Dougherty, Sheriff of Pike County, Missouri:*

"YOU ARE HEREBY NOTIFIED, that the Bank of Curryville, located at Curryville, Pike county, Missouri, is the owner of the 16 head of fat cattle by virtue of a chattel mortgage given by one Geo. W. Wylie, to said bank to secure an indebtedness that said Wylie owed said bank, and said chattel mortgage is recorded in the

records of Pike county, Missouri, at volume 10, page 36; the said 16 head of fat cattle that the said bank is owner of, were levied upon by you as the property of Geo. W. Wylie on the 16th day of January, A. D. 1896. That said levy was made by you under and by virtue of an execution issued by the clerk of the circuit court of Pike county, Missouri, on the 14th day of January, A. D. 1896, on a judgment in favor of Lemuel J. Williamson against Geo. W. Wylie. The said bank is the absolute owner of the said 16 head of fat cattle by virtue of other chattel mortgages recorded in the records of Pike county, Missouri, given by said Wylie to said bank for other indebtedness that is set out in the above and including the above indebtedness. Said bank says that none of said indebtedness from said Wylie has been paid by said Wylie or anyone for him to said bank and the whole is now past due.

"You are hereby notified to release said 16 head of fat cattle from said levy.

"Bank of Curryville,

"By J. W. Hawkins,

"As cashier of the Bank of Curryville."

On the following day the plaintiff in the execution, Williamson, gave the sheriff an indemnifying bond, and on June 22, 1896, the cattle were sold under an order of the court made in vacation. The net proceeds of the sale was $962.65. The sheriff's return to the execution stated all the foregoing facts. The sheriff, with his return, filed the claim of the bank, and Williamson's indemnifying bond on February 24, 1896, and had the $962.65 in court. On the same day appellant, Williamson, filed in court his answer to the claim of the bank, which was first a general denial, and, second, fraud and collusion, on the part of Wylie and the cashier of the Bank of Curryville to cheat and defraud him (Williamson). A trial was had of the rights of

property on the fourth of March, 1896, resulting in a judgment for the claimant bank.

The claimant produced in evidence a note made payable to the Curryville bank and executed by Wylie. This note was dated August 22, 1895, was due for $1,500, and due one day after date. To secure this note claimant read in evidence a chattel mortgage on the following described property: "Sixteen feeding steers, four yearling steers, two yearling heifers, one white-faced bull, eleven milch cows, fourteen steer calves, two heifer calves, one bay horse, sixteen hands high, eight years old, one bay horse, fifteen hands high, five years old, one gray horse, sixteen hands high, five years old, one bay mare with mule colt, sixteen hands high, eight years old, one black mare mule, fourteen hands high, two years old, one mouse colored mule, fourteen hands high, two years old, three mare mules, one year old; six hundred bushels of oats in bin and seventy acres of growing corn." This mortgage was duly acknowledged and recorded on the day of its date, August 22, 1895. Testimony was introduced by the claimant, which identified the sixteen head of "fat cattle" levied on by the sheriff as the identical "16 head of feeding steers" described in the mortgage. Appellant introduced no testimony. Motions in arrest of judgment and for new trial were filed in due time, and were by the court overruled. Hence this appeal.

The appellant challenges the jurisdiction of the circuit court to try the right to proceeds of the sale of the cattle, under section 4928, Revised Statutes, 1889, on the returns made by the sheriff. A proceeding in all respects similar to this was sanctioned by the Kansas City court of appeals in the case of *Stevens v. Springer*, 23 Mo. App. 375. In the case of *Martin v. Fox*, 40 Mo. App. 665, the claimant of the

SEC. 4928, R. S. 1889, construed: failure of claimant to give delivery bond: waiver: election.

property levied upon by the sheriff, who had given no
delivery bond, after an indemnifying bond had been
given by the plaintiff, in execution, was treated as an
interpleader, for the fund arising from the sale under
execution, by the trial court, and instructions on that
theory were approved by Judge THOMPSON, who deliv-
ered the opinion.

In *State ex rel. Redman v. Durant*, 53 Mo. App.
493, BIGGS, Judge, in the course of his opinion, uses
the following language: "Whether this summary
remedy is available when the claimant fails to give a
forthcoming bond, as he may do under section 4927, is
a question on which the members of the court are not
in accord."

The case of *Houx et al. v. Shaw et al.*, 18 Mo. App.
45, was a case in which both an indemnity bond, by
plaintiff in the execution, and a forthcoming bond by
the claimant were given.

In *Lloyd v. Tracy*, 53 Mo. App. *loc. cit.* 180, Judge
ROMBAUER in the course of his opinion refers to *Stevens
v. Springer*, but he declined to decide the point, be-
cause not directly involved in the case.

The question presented here has not been discussed
in any opinion of the Kansas City court of appeals, in
this court, or by the supreme court, that we have been
able to find. In *Stevens v. Springer*, the question
is not discussed, the question of jurisdiction was
not raised, so far as we are able to ascertain
from the opinion and briefs of counsel filed in
the case; counsel and court seemed to have taken it
for granted that the trial of the rights of property was
rightfully had under section 2367, Revised Statutes,
1879 (now sec. 4928, R. S. 1889). Section 4928 re-
quires the officer to return the claims, and such bond
or bonds as shall have been taken by him, to the court,
to which the execution may be returnable, on or before

the first day of the next term thereof, and that the clerk shall enter the matter upon the docket, as near as may be as civil cases are docketed, and the matter, if not continued, be tried at the term at which the claim is returned. If the execution creditor shall fail to answer or demur, or the judgment shall be in favor of the claimant, the court shall, by its order, direct the officer to release the property to the claimant. If the judgment shall be for the execution creditor, it shall be against the claimant and his sureties in like manner, and the court shall order the property sold, and a certified copy shall be delivered to the officer, and shall have the force and effect of, and be proceeded upon as a special execution. If the section is construed, without reference to the next proceeding one, it seems to authorize the statutory proceeding, if but the indemnifying bond is given, but when we turn to the other section and see that it authorizes the claimant, after an indemnifying bond has been given, by the execution creditor, to give a forthcoming bond to the sheriff, and take the property, and that this bond may be given by him "at any time before sale," clearly indicating that unless such forthcoming bond is given, the officer may proceed to sell the property under the execution. It is not so clear that the court may try the rights of property, when only the bond of indemnity has been given.

The judgment that the court may render, under section 4928, is confined to the property levied upon, and the costs. Its whole scope and object is to try the rights of property, and to make orders, and render judgments concerning it. If, after taking an indemnifying bond, on the failure of the claimant to give a delivery bond, the officer gives the statutory notice, and sells under the execution, and pays the proceeds to the execution creditor, as he is bound to do, we are

unable to see what there is left to be tried under section 4928. The personalty, and its representative, the proceeds of sale, are neither under the jurisdiction or control of the court, and there is no subject-matter to be disposed of, in the summary manner pointed out by this section, and it seems to us that when the claimant has failed to give a delivery bond, after the taking of an indemnifying bond from the execution creditor, by the sheriff, that this failure on his part is tantamount to a waiver of his privilege to have the rights of property tried in the summary manner provided by this section, and an election on his part to let the property sell under the execution, and to rely upon some of his other legal remedies for redress. That this section requires the case to be docketed, whether one or more bonds are filed, is of no significance. Should the claimant desire to sue on the delivery bond, this, after its return by the officer, would be a court paper, and the claimant could not get possession of it, so as to bring suit upon it, without an order of the court. The docketing of the case would, in such circumstances, facilitate him in getting possession of the bond, and would be necessary before the order could be regularly made.

The facts in this case are somewhat different from any heretofore before this court. An order was made by the judge of the Pike county circuit court, in vacation, as provided for by section 4931, Revised Statutes, 1889, for the sale of the "16 head of fat cattle" levied upon. The sale was under the special order, not under the execution. The sheriff was required to make his report of sale, under the order, and to have the proceeds of the sale in court, subject to the order of the court. This he did. The money arising from the sale was in the custody of the court. This money was the representative of the sixteen steers and stood in their

SALE by special order of court: chattel mortgage: indemnifying bond: jurisdiction.

place.   The "res" was before the court.   There was a
subject-matter, which the court must dispose of by its
judgment, and a contest for its possession pending, the
issues, in which were made up by the bank's notice of
claim, and Williamson's general denial to its claim.
This issue was submitted to a jury under the statute
(sec. 4928).   (In this we see no error.   We think that
the statute embraces this kind of case), but whether it
does or not, the parties elected to proceed under it.
The subject-matter of the controversy was under the
jurisdiction of the court, and the parties voluntarily
submitted to its jurisdiction, selected this mode of pro-
cedure, and ought not now to be heard to call it in
question.   *Holland v. Depriest*, 65 Mo. App. *loc. cit.*
333.   The appellant contends that the mortgage is void
for want of a sufficient description of the sixteen head
of steers.   "That is certain which can be made certain."

CHATTEL mort-
gage: inadequa-
cy of descrip-
tion: jury
question.

The testimony is uncontradicted that these
sixteen steers were what they are described
in the mortgage to be, "feeding steers,"
by which term as shown by the testimony,
is meant steers over two years old, and in condition to
be fatted for the market.   Wylie had no other steers
like these, at the time the mortgage was given.   They
were not mixed with any other cattle.   They were be-
ing fed when the mortgage was executed, were then
separated from other cattle, and kept so separated ever
afterward.   No great particularity is required if, with
the mortgage in hand, one, upon inquiry, can, from
the mortgage, identify the property, the description is
sufficient.   *Burnes v. Harris*, 66 Ind. 536; *Knopp v.
Dietz*, 64 Wis. 426; *Estes v. Springer*, 47 Mo. App. 99;
*Campbell v. Allen*, 38 Mo. App. 27; *State ex rel. v.
Althaus*, 60 Mo. App. 122;   *Lafayette Co. Bank v. Met-
calf*, 29 Mo. App. 384.   The inadequacy of description
was a question of fact for the jury. This was submitted

to them under correct instructions. *Ranney v. Meisen-heimer*, 61 Mo. App. 434. The verdict is abundantly supported by the evidence, and there is no authority or reason for disturbing it.

Finding no reversible error in the record, the judgment is affirmed. It is so ordered. All concur.