D. H. WHITE, ET AL., RESPONDENT, v. ANTON MEIDERHOFF, DEFEND-
ANT, SIKESTON MERCANTILE COMPANY, INTERPLEADER, APPELLANT.*

In the Springfield Court of Appeals. Opinion filed March 2, 1926.

**1—Chattel Mortgages—Description—Sufficiency—Question for Jury.** The
real question as to the sufficiency of the description in a chattel mortgage
is whether or not a third person, by its aid, together with such inquiries
as the instrument itself suggests, might identify the particular property
conveyed, and is therefore a question for the jury to determine.

**2.—Same—Same—Same—Parol Evidence.** Parol evidence may be employed,
not to furnish a description, but to aid, if possible, the description given
in the mortgage, to identify the property.

**3.—Evidence—Chattel Mortgage—Description—Opinion Evidence—Not
Conclusive.** Where definiteness of description in chattel mortgage was in
issue, and witness who dictated mortgage testified as to whether he could
locate the mortgaged property from the description in the mortgage, such
evidence was only matter of opinion, of doubtful value or propriety, and
not conclusive on either party.

**4.—Chattel Mortgage—Description—Sufficiency—Held Question for Jury.**
Where chattel mortgage covered 100 acres of growing wheat, and mort-
gagor had 150 acres of wheat in two fields separated by a public road, one
of which contained 100 acres, whether such mortgage was void as to at-
taching creditors for indefiniteness and uncertainty **held** question for jury.

**5.—Same—Same—Same—Aided by Recitals.** A chattel mortgage contain-
ing insufficient description may be prima facie sufficient, if aided by re-
citals touching possession or designating the premises.

*Corpus Juris-Cyc. References: Chattel Mortgages, 11CJ, p. 465, n. 95;
p. 466, n. 1, 3; p. 472, n. 4, 5; p. 509, n. 48.   Evidence, 22CJ, p. 728,
n. 73; p. 731, n. 81, 83; p. 1267, n. 59.

Appeal from the Circuit Court of Scott County.—Hon. Frank
Kelly, Judge.

REVERSED AND REMANDED.

*Gresham & Montgomery* and *Bailey & Bailey*, of Sikeston, for ap-
pellant.

(1)   A chattel mortgage to be effective must merely point out the
subject-matter of it so that a third person by its aid, together with
the aid of such inquiries as the instrument itself suggests, may iden-
tify the property conveyed.  Stonebraker v. Ford, 81 Mo. 532; Dier-
ling v. Pettitt, 140 Mo. App. 88; Evans-Snyder Buell Co. v. Turner,
143 Mo. 638; City National Bank v. Goodlow, 93 Mo. App. 123, 129;
Banking Co. v. Com. Co., 80 Mo. App. 438, 441-2.   (2)   On trial of
interplea in an attachment suit the sole issue is whether interpleader

is the owner, of the property attached or if he has the right to the immediate possession of the property, and no value should be assessed even though the property has been sold by order of the court. Citizens Trust Co. v. Elders, 259 S. W. 136; Mills v. Thompson, 61 Mo. 415; Hewson v. Tootle, 72 Mo. 632; Hardware Co. v. Randol, 69 Mo. App. 342; Wrather v. Lawson, 247 S. W. 473.

*Ward, Reeves & Oliver,* of Caruthersville, for respondent.

The mortgage does not sufficiently describe the crop attempted to be conveyed. Klebba v. Missouri Mershum Company, 257 S. W. 174; Lafayette County Bank v. Medcalf, 29 Mo. App. 285; Estes v. Springer, 47 Mo. App. 99, 104; Stonebraker v. Ford, 71 Mo. 532.

BAILEY, J.—Plaintiff brought suit by attachment against defendant Anton Meiderhoff. A writ of attachment was issued under which the Sheriff of Scott County levied upon and seized 150 acres of wheat in the shock belonging to defendant. Thereafter, before the return day of said writ, the Sikeston Mercantile Company, hereinafter called the interpleader, filed its interplea in said cause, claiming title to the property attached under and by virtue of a chattel mortgage given it by defendant Anton Meiderhoff. Upon the issues made by the interplea trial was had during the November Term, 1922, of the circuit court of Scott county. At the close of interpleader's testimony the trial court gave a peremptory instruction, pursuant to which the jury found the issues for plaintiff and judgment was entered accordingly. For some reason, not appearing from the record, the court did not pass upon interpleader's motion for new trial until the November Term, 1924, after which interpleader perfected its appeal to this court.

The only question involved in this law-suit is whether or not the chattel mortgage under which interpleader claims was void as to plaintiff, the attaching creditor, on account of indefiniteness and uncertainty in the description of the personal property in controversy. The chattel mortgage in question is in conventional form and was duly placed of record the day following its execution. The description of the property in the mortgage is as follows: "My undivided one-half interest in one hundred acres, or about, of growing wheat on the farm of C. F. McMullin, on the place where I live about five and one-half miles north of Sikeston, Missouri, in Scott county, Missouri. The above 100 acres more or less is situated as follows: On the C. F. McMullin farm one mile Southeast of McMullin Sta. on survey 1096 and 434 also fractional Southwest part, Section No. 36, Township No. 27, Range 13 East in Scott county, Missouri."

The foregoing description would unquestionably be sufficiently definite and certain were it not for the fact that the mortgagor, defendant herein, had a one-half interest in more than 100 acres of growing wheat on the premises described in the mortgage. The evidence shows defendant had one hundred and fifty acres of wheat on the C. F. McMullin farm where he lived. On this point, Meiderhoff, the mortgagor, testified on cross-examination that there were 235 acres in the McMullin place; that he had one hundred and fifty acres, more or less, of wheat; that it was not all in one field; different fields. "There was a road between them, about one hundred acres on one side and about fifty on the other. It was all on the one farm." On re-direct examination he said: "I think the wheat was in one tract. It was divided by a public road, Kingshighway, about one hundred acres on one side and fifty on the other."

Charlie McMullin, the owner of the land on which the wheat in controversy was grown testified that "Meiderhoff's wheat was about fifty acres on the west of Kingshighway and one hundred acres on the east. One hundred and fifty acres. Both pieces of wheat are described on those surveys. I could point out the wheat on which this mortgage was given; I dictated the mortgage." He was then asked if he could take this mortgage and tell which part of the land was the one hundred acres of wheat. He replied that he could because the road divided the 50 acres and the 100 acres. He thereafter, admitted that: "Perhaps I would have located it from facts I had outside of this mortgage and not the mortgage itself." The testimony of this witness as to whether he could locate the wheat from the description in the mortgage was only a matter of his opinion. As evidence, it was of doubtful value or propriety. This evidence was not conclusive on either party. The real question as to the sufficiency of the description in a chattel mortgage is whether or not a third person, by its aid, together with such inquiries as the instrument itself suggests, might identify the particular property conveyed, and therefore, a question for the jury to determine. [Stonebraker v. Ford, 81 Mo. 532; Jennings v. Sparkman, 39 Mo. App. 670; Estes v. Springer 47 Mo. App. 103; Banking Co. v. Commission Co., 80 Mo. App. 439.]

The rule is also stated that "where the description in a chattel mortgage is otherwise insufficient as in this case, the courts have frequently declared them prima facie sufficient, if they were aided by recitals touching the possession, or on what particular premises the property might be found, for, it is said in those cases, recitals as to the possession of the premises when considered together with the insufficient descriptive words, suggest an inquiry which might be followed by an ascertainment of fact with respect to the par-

ticular animals involved.'' [Dierling v. Pettit, 140 Mo. App. 92, 119 S. W. 524.]

In the case of State ex rel. v. Blake, 14 Mo. App. 1. c. 296, the following language is used, viz: ''But from the nature of the case, personal property cannot be described in a deed of conveyance with the same accuracy as real estate. In many, indeed in most cases, it is impossible to describe such property so that it can be identified from the terms of the description employed without the aid of extrinsic evidence;'' also it is well established that ''parol evidence may be employed not to furnish a description, but to aid, if possible, the description given in the mortgage to identify the property.'' [Bank v. Commission Co., 93 Mo. App. 131; State ex rel. v. Cabanne, 14 Mo. App. 294.]

We have sufficiently stated the legal principals involved. As to the facts in this case, it may be said that the description of the wheat in the chattel mortgage gave notice to everyone as to the location of the farm on which defendant lived and on which his wheat was growing and that the mortgage covered one hundred acres of growing wheat. From the evidence offered we find, that instead of defendant mortgagor having 100 acres of wheat growing on the McMullin farm, he had 150 acres. If the testimony stopped with that there could be no question that the description of the property in interpleader's mortgage was insufficient and the mortgage void because there would be no way by which to determine what 100 acres of wheat out of the 150 acres was intended to be covered. That point was clearly decided in Klebba v. Missouri Neerschaum Company, 257 S. W. 174, on which case respondent relies. But in that case, the court states: ''There was no way for the mortgage to attach to any part of the corn, for there is no way of telling which 75 acres of the 100 acres planted the mortgage was intended to cover.'' [Citing Bank v. Metcalf, 29 Mo. App. 1. c. 394.]

In the case at bar, however, the evidence shows that there was a public road running through defendant's wheat field, and that 50 acres of wheat was on one side and 100 acres on the other. It is also clear from the evidence that this 100 acres, separated from the 50 acres by a public road, was the 100 acres intended to be covered by the mortgage. Armed with this mortgage calling for 100 acres of wheat any person going upon the McMullin farm could, upon inquiry, ask where might be found 100 acres of wheat owned by defendant. Some person who knew could have pointed out the 100 acres which was separated from the 50 acres by a public road. This would be no more than identification of the property. The evidence does not show whether this road was fenced, but to our minds that would make little difference. The fact that there was 100 acres of wheat separate and apart belonging to defendant on this farm, met the description

in the mortgage and upon inquiry that fact could easily have been determined by any third person. In Jennings v. Sparkman, 39 Mo. App. l. c. 671, it is said that "while on the one hand every deed should contain a sufficient description to advise third parties of the exact property conveyed, it should, on the other, receive such construction as to sustain it without violence to the language employed." We are of the opinion it does no violence to the language used in the mortgage to hold that it was at least a question for the jury under all the facts and circumstances to decide as to the sufficiency of the description in the mortgage. The cause should, therefore, be reversed and remanded. It is so ordered.

*Cox, P. J.,* and *Bradley, J.* concur.