## TOBIN v. KAMPE.

### No. 12406.

Circuit Court of Appeals, Eighth Circuit.

Dec. 26, 1942.

Harry S. Gleick, of St. Louis, Mo., for appellant.

Clem F. Storckman, of St. Louis, Mo., for appellee.

Before SANBORN, JOHNSEN, and RIDDICK, Circuit Judges.

SANBORN, Circuit Judge.

The question presented is whether the record of a chattel mortgage given by Carl

Arnold to Walter Kampe, the appellee, in January, 1938, to secure the payment of twelve notes for $50 each and one note for $674.36, constituted constructive notice, under Missouri law, that the thirteenth note was secured by the mortgage. The controversy arises out of the defective description of the thirteenth note. The mortgage, which was recorded January 29, 1938, described the secured indebtedness as follows: "12 notes of $50.00 each, Note No. 1 being due and payable 1 month from date and each successive note of $50.00 each being due and payable 1 month following previous due note; and 1 note of ———— being due and payable 12 months from date. All notes bearing 6% Interest from date."

After Arnold was adjudicated bankrupt on November 14, 1941, and Edward W. Tobin had been appointed trustee of the bankrupt's estate, Kampe on February 3, 1942, filed a petition to reclaim the mortgaged property, which consisted of laundry equipment and machinery which Arnold had purchased from him. Kampe asserted in his petition that two of the twelve notes for $50 each and the thirteenth note for $674.-36 were unpaid, and that, by the terms of the chattel mortgage, he was entitled to possession of the mortgaged property. The trustee in bankruptcy, in his answer to the petition, conceded that the chattel mortgage was security for the two unpaid $50 notes, but alleged that, as against him, it was not security for the $674.36 note, "for the reason that the amount of said note is not set forth in said mortgage, nor is the amount of the obligation represented by said note in any manner described in said mortgage."

The referee in bankruptcy, after a hearing, determined that the mortgage was valid security for the three notes remaining unpaid, and entered an order directing the trustee to deliver to Kampe the mortgaged property or to pay him $774.36. The trustee petitioned for a review of the referee's order. The District Court, on July 9, 1942, entered an order adopting the findings and conclusions of the referee, and confirming his order. The trustee then appealed to this court from the order of the District Court.

■ No Missouri case has been cited, and we have found none, in which the question of the sufficiency of the description of the indebtedness secured by a chattel mortgage to constitute notice has been considered. There are many Missouri cases dealing with the sufficiency, as notice, of recorded chattel mortgages in which the property is inaccurately described. The rule is that a description of the chattels mortgaged is sufficient as constructive notice if a third person, with the aid of the description and by the inquiries which the instrument reasonably suggests, can identify the mortgaged property.[1] The referee in bankruptcy was of the opinion that the same rule should be applied in determining the sufficiency of the description of the secured indebtedness. He pointed out that the record of a chattel mortgage is, by virtue of § 3486, R.S.Missouri 1939, Mo.R.S.A. § 3486, "notice of the contents thereof to all the world;" that the contents of the record of the chattel mortgage in suit disclose that the mortgage was given to secure thirteen notes, twelve of them for $50 each and the thirteenth for an undisclosed amount; that inquiry as to the amount of the thirteenth note was reasonably suggested by the instrument, and therefore the record was notice of what such inquiry would have disclosed, namely, that the thirteenth note was for $674.36.

■ There is no Missouri case which compels a conclusion contrary to that reached by the referee in bankruptcy and the court below. No statute of that state, in force at the time this mortgage was made, required a complete and accurate description of the secured indebtedness. Missouri decisions relating to misdescriptions of secured indebtedness in trust deeds covering real estate are convincing that, in the absence of fraud, if a misdescription

[1] Campbell v. Allen, 38 Mo.App. 27; State of Missouri ex rel. Blake v. Cabanne, 14 Mo.App. 294; Vette v. Leonori, 42 Mo.App. 217; Bozeman v. Fields, 44 Mo.App. 432; McNichols v. Fry, 62 Mo. App. 13; Trimble, Magill & Co. v. Keet & Roundtree Merc. Co., 65 Mo.App. 174; Williamson v. Bank of Curryville, 69 Mo. App. 368; Holmes v. Strayhorn-Hutton-Evans Commission Co., 81 Mo.App. 97; City National Bank v. Goodloe-McClelland Commission Co., 93 Mo.App. 123; Golden v. Moore, 126 Mo.App. 518, 104 S.W. 481; Dierling v. Pettit, 140 Mo. App. 88, 119 S.W. 524; Cummins v. King, 217 Mo.App. 371, 266 S.W. 748; Sikes v. Riga, 221 Mo.App. 152, 297 S. W. 727; Local Finance Co. v. Yantis, Mo.App. 152 S.W.2d 989.

of the indebtedness secured has caused no actual prejudice, the validity of the instrument as against those having notice, or being charged with notice, will not be affected by the fact that the indebtedness was not correctly described. The case of Williams v. Moniteau National Bank, 72 Mo. 292, dealt with a trust deed of real estate, in which the description of the indebtedness was inaccurate in that the amount of the note secured was left blank. The Supreme Court of Missouri held the description sufficient as against the holder of a second deed of trust, which holder had acquired title to the real estate by foreclosure and had actual notice of the existence of the former trust deed. The court said (72 Mo. at page 295): "While the description of the note secured by the deed of trust is in some respects indefinite, it sufficiently appears that a note to Ivy Nance on which Basnet was security, was intended to be secured." [2]

There are Missouri cases, aside from those relating to the sufficiency of descriptions of mortgaged chattels, which indicate the existence in Missouri of a tolerant and nontechnical judicial attitude toward inaccuracies in chattel mortgages, no doubt in recognition of the fact that they are frequently drawn by persons who cannot reasonably be expected to use language with precision.[3]

The rule of law upon which the court below based its order is in accord with that which prevails generally.

"The record is notice of all that it states and of all that would be discovered by any inquiry reasonably suggested thereby." 10 Am.Jur., Chattel Mortgages, § 121, pages 793, 794.

"While there must be a specification of the debt or liability secured, a general description sufficient to place third persons on inquiry and to preclude a substitution of other debts is in general all that is required." 14 C.J.S., Chattel Mortgages, § 72, page 685.

"The record is not constructive notice of more than it itself discloses, but one dealing with the property is chargeable with notice of all facts which would be discovered by any inquiry reasonably suggested by the record." 14 C.J.S., Chattel Mortgages, § 164, pages 768, 769.

The order appealed from is affirmed.

[2] Compare, Aull v. Lee, 61 Mo. 160, 165; Scott v. Bailey, 23 Mo. 140, 148, 150; Schroeder v. Bobbitt, 108 Mo. 289, 294, 18 S.W. 1093, 1094; Winner v. Lippincott Investment Co., 125 Mo. 528, 542, 28 S.W. 998, 1000; Mandle v. Horspool, 198 Mo.App. 649, 653, 654, 201 S.W. 638, 639; Stevens v. Hampton, 46 Mo. App. 404, 410.

[3] See Sparks v. Brown, 33 Mo.App. 505, 508; Smith-Wallace Shoe Co. v. Wilson, 63 Mo.App. 326, 329–331; National Cash Register Co. v. Slater, 156 Mo.App. 733, 736, 737, 137 S.W. 13, 14, 15.