R. L. FISHER and Justa Investments, Inc.,
Plaintiffs-Appellants,

v.

MIKCO GRAIN CO., a corporation,
Defendant,

and

Simmons Equipment Co., Inc., Defendant-
Respondent.

No. 8503.

Springfield Court of Appeals.

Missouri.

June 27, 1966.

Ward & Reeves, George K. Reeves, Caruthersville, for plaintiffs-appellants.

Joslyn & Joslyn, L. D. Joslyn, T. B. Russell, Charleston, for defendant-respondent.

STONE, Presiding Judge.

This suit involves the disposition of $3,469.62, a portion of the proceeds derived from the sale to defendant Mikco Grain

Company during June 1964 of wheat harvested by plaintiff R. L. Fisher on a 640-acre farm (hereinafter referred to as the farm) near Portageville in New Madrid County, Missouri, rented from the Estate of Walter Richardson, Sr., by plaintiff Justa Investments, Inc. (a corporate entity of which Walter Richardson, Jr., was president), and in turn subrented by Justa to plaintiff Fisher. The litigation developed in the following manner.

By their joint petition filed on July 15, 1964, plaintiffs Fisher and Justa alleged that Justa had advanced to Fisher "many thousands of dollars * * * for the planting, cultivation, production and harvesting" of wheat on the farm; that, for wheat harvested on the farm and delivered to defendant Mikco, the sums of $9,223.43 and $157.71 should have been paid to plaintiff Justa; but that Mikco had "insisted on making a draft payable to both of these plaintiffs [Fisher and Justa] and Simmons Equipment Company." The prayer was for judgment against Mikco for the stated sums.

In its "Answer of Defendant for Order of Interpleader," Mikco stated that plaintiff Justa claimed all of the proceeds derived from sale of the wheat harvested on the farm, but that Simmons Equipment Co., Inc., of East Prairie, Missouri, also claimed a portion of those proceeds by reason of a chattel mortgage given by plaintiff Fisher to Simmons. Mikco sought and subsequently was granted an order permitting it to pay the sums of $9,223.43 and $157.71 into the registry of the circuit court, thereupon discharging it from further liability in the cause, and requiring Simmons to interplead.

In its "Cross-Claim" in the nature of an interplea, Simmons averred that on April 24, 1964, Fisher had executed "his written promise to pay" Simmons $2,546.30 and as security therefor had given Simmons a chattel mortgage on the 640 acres of growing wheat which he (Fisher) had on

the farm "known as the Walter Richardson, Jr. farm"; and that, by virtue of that chattel mortgage which had been filed for record on the date of its execution, Simmons was entitled to receive, from the proceeds of sale of the harvested wheat, the principal sum of $2,546.30 together with interest and a reasonable attorney's fee.

Upon trial to the court, judgment was entered on July 13, 1965, finding the issues in favor of interpleader Simmons and against plaintiffs Fisher and Justa and adjudging that Simmons receive, out of the impounded funds, the aggregate sum of $3,169.62, including interest and attorney's fee. Plaintiffs Fisher and Justa appeal. However, as is recognized in plaintiffs'-appellants' brief, tenant Fisher frankly stated in the trial court that "I am not claiming any amount," so the controversy has been and is between landlord Justa and interpleader Simmons. Upon appeal, other contentions previously urged by Justa have been abandoned and Justa now relies upon the sole point that Fisher's chattel mortgage of April 24, 1964, to Simmons (hereinafter referred to as the mortgage) was "void and [did] not create a lien on the wheat grown on the 640 acres rented from Justa" because of alleged legal insufficiency of the description of the mortgaged crop.

The mortgage named R. L. Fisher as the mortgagor, showed his address as Portageville, New Madrid County, Missouri, and described the mortgaged property as "640 Acres of wheat on Walter Richardson Jr. farm. 10,000 bu. of which is contracted to Micko Grain Co., Cairo, Ill. at $1.60 per bu. of which this *contrac* is to be paid in full." The general principle, under which the question at hand must be determined, is that the description of property in a chattel mortgage is sufficient against a third party if it is definite enough to enable such person, aided by inquiries which the instrument itself sug-

gests, to identify the property.[1] This principle is applicable in a case, such as that before us, which turns on the description in a chattel mortgage covering a growing crop.[2] Of course, in the legal inquiry to determine sufficiency of description, parol evidence properly may be received, not to furnish a description, but to aid the description in the chattel mortgage. White v. Meiderhoff, 220 Mo.App. 171, 174, 281 S.W. 101, 102; City National Bank v. Goodloe-McClelland Com'n. Co., 93 Mo.App. 123, 131; State ex rel. Blake v. Cabanne, 14 Mo.App. 294, 296–297.

As we observed at the outset, Justa Investments, Inc., a corporate entity of which Walter Richardson, Jr., was president, rented the 640-acre farm from the Estate of Walter Richardson, Sr., and in turn Justa subrented the farm to plaintiff Fisher. Plaintiffs'-appellants' brief emphasizes the testimony of witness Richardson that he owned no land himself and that the farm was known as "the Hauzie Wingfield farm." However, one of the pretrial interrogatories propounded to plaintiff Fisher (represented by the same counsel as plaintiff Justa) and his answer thereto, as received in evidence upon trial, are particularly noteworthy and significant. To the request that he "state whether you had 640 acres of wheat on the Walter Richardson, Jr. farm," Fisher's answer was a simple, unhedged, unequivocal "yes." Fisher testified that the entire farm of 640 acres had been planted in wheat and

that this was the only wheat he had on land rented to him by Justa.

In Ake v. General Grain Co., 181 Okl. 117, 72 P.2d 735, 737(6, 7), the Supreme Court of Oklahoma held, as digested in headnote 6, that "[a] description in chattel mortgage covering growing wheat was not insufficient because of use of words 'T. K. Treckel and M. Story Farm,' in stating location of wheat, rather than 'T. K. Treckel and M. Story Farms,' which was correct," and, as digested in headnote 7, that "[t]he fact that 'M. Story,' described . . . as owner of farm on which wheat was located, was also known as 'Dave Story' and that he owned more than one farm in county, did not render description fatal where reasonable inquiry would have disclosed that mortgagor was farming only one Story farm in county that year." In Blankenship v. Modglin, 177 Ark. 388, 6 S.W.2d 531, 532(2), a chattel mortgage on "[a]ll corn and cotton to be grown by [mortgagor] on the farm belonging to Earl Keich" was held to be sufficiently definite in description, although Keich owned several farms in the same county. And, in City National Bank v. Goodloe-McClelland Com'n Co., supra, 93 Mo.App. at 130–131, the court concluded that a description of steers was sufficient, notwithstanding the fact that 85 head of the mortgaged animals were described as branded with the letter "W" on the *right* hip whereas in fact they were so branded on the *left* hip. In this connection, see 14 C.J.S., Chattel Mortgages, § 67 b(3), l.c.

---

1. Exchange Bank of Kahoka v. Bash, Mo. App., 234 S.W.2d 341, 344–345(2); Local Finance Co. v. Yantis, Mo.App., 152 S.W. 2d 989, 990(1); Bruce v. Kays, 222 Mo. App. 77, 1 S.W.2d 214, 215(1); Sikes v. Riga, 221 Mo.App. 152, 297 S.W. 727, 729(6); Kibble v. Ragland, Mo.App., 263 S.W. 507, 510; Dierling v. Pettit, 140 Mo.App. 88, 119 S.W. 524, 525–526(1); Golden v. Moore, 126 Mo.App. 518, 104 S.W. 481, 482(3); City National Bank v. Goodloe-McClelland Com'n. Co., 93 Mo. App. 123, 128–130(3); Williamson v. Bank of Curryville, 69 Mo.App. 368, 376 (3); Ranney v. Meisenheimer, 61 Mo.App. 434, 440(4); Estes v. Springer, 47 Mo.

App. 99, 102–103; Tobin v. Kampe, C.A. Mo., 132 F.2d 64, 65(1), 145 A.L.R. 366; 1 Jones on Chattel Mortgages and Conditional Sales (6th Ed.), § 54, p. 96; 15 Am.Jur.2d, Chattel Mortgages, § 55, p. 242.

2. White v. Meiderhoff, 220 Mo.App. 171, 281 S.W. 101, 102; White v. Meiderhoff, Mo.App., 3 S.W.2d 1031, 1032; 1 Jones on Chattel Mortgages and Conditional Sales (6th Ed.), § 55a, l.c. 108; 14 C.J.S., Chattel Mortgages, § 67 b(1), p. 676; 15 Am.Jur.2d, Chattel Mortgages, § 73, p. 255.

679–680; id., § 69, p. 682; Cook v. Wheeler, Mo.App., 218 S.W. 929, 931(5); Matthews v. Melasky, Tex.Civ.App., 240 S.W. 641, 642(1).

◼ Plaintiffs-appellants also point out that the formal description of the mortgaged property did not state the section, range, township or county in which the farm was located. However, preceding the description, the mortgage showed the mortgagor's address as Portageville, New Madrid County, Missouri. And the evidence upon trial established that the farm actually is near Portageville in New Madrid County, Missouri. We also know judicially that Portageville is in New Madrid County [Trautmann v. Hamel, Mo., 358 S.W.2d 803, 806(3); Butler County Finance Co. v. Miller, 240 Mo.App. 954, 225 S.W.2d 135, 137(2)] and that it is a relatively small city with a population of 2,505 shown by the 1960 United States census. Varble v. Whitecotton, 354 Mo. 570, 575, 190 S.W.2d 244, 246(4); Kirst v. Clarkson Construction Co., Mo.App., 395 S.W.2d 487, 497–498(15).

◼ Usually, the sufficiency vel non of the description of property in a chattel mortgage is a question for determination by the trier of the facts [White v. Meiderhoff, supra, 220 Mo.App. at 173, 281 S.W. at 102(3); Sikes v. Riga, 221 Mo.App. 152, 159, 297 S.W. 727, 729(6); Williamson v. Bank of Curryville, 69 Mo.App. 368, 376(3); Ranney v. Meisenheimer, 61 Mo.App. 434, 440(4)] and it should be adjudged insufficient as a matter of law only when such description is manifestly too meager, imperfect or uncertain to enable third persons, aided by inquiries which the instrument itself suggests, to identify the property. 15 Am.Jur.2d, Chattel Mortgages, § 53, l.c. 241. Obviously the description in the mortgage under consideration was drawn carelessly and could have been more definite. Cf. Estes v. Springer, 47 Mo.App. 99, 103. However,

mindful that "the law is indeed tolerant with matters of description in chattel mortgages" [Dierling v. Pettit, 140 Mo.App. 88, 90, 119 S.W. 524, 525] as is strikingly exemplified in the cases hereinbefore cited, we are of the considered opinion that we properly may not declare the criticized description to be insufficient *as a matter of law* but that the sufficiency of such description (i. e., whether it was definite enough to enable a third party, aided by inquiries which the instrument itself suggested, to identify the mortgaged property) was for the trier of the facts, in this instance the circuit judge. With appropriate respect for the injunction by both rule and statute [V.A.M.R. Rule 73.01(d); V.A.M.S. § 510.310(4)] that, in a court-tried case, the judgment nisi shall not be set aside unless clearly erroneous [Beckemeier v. Baessler, Mo., 270 S.W.2d 782, 783(1); Lange v. Baker, Mo.App., 377 S.W.2d 5, 10(7); Copher v. Barbee, Mo.App., 361 S.W.2d 137, 149(20)], we are impelled to the conclusion that the judgment under review should be affirmed.

◼ Neither of the two cases cited by plaintiffs-appellants is factually analogous to this action, and the circumstances reflected by the record before us afford no basis for application of the controlling principles in those cases. In Kibble v. Ragland, Mo.App., 263 S.W. 507, 510(2), dealing with an involved series of cattle transactions, the primary holding was that a chattel mortgage covering 60 head of steers was sufficient as to the 21 head found in the mortgagor's possession. 15 Am.Jur. 2d, Chattel Mortgages, § 57, pp. 244–245. In Klebba v. Missouri Meerschaum Co., Mo.App., 257 S.W. 174, 175(2), the court declared that a chattel mortgage on 75 acres of corn was insufficient where the mortgagor had 100 acres of corn and there was "no way of telling which 75 acres of the 100 acres planted the mortgage was intended to cover." See 15 Am.Jur.2d, Chattel Mortgages, § 74, p. 256. Contrast

White v. Meiderhoff, Mo.App., 3 S.W. 2d 1031, 1032.

The judgment for interpleader Simmons is affirmed.

HOGAN, J., concurs.