GEORGE DEUSER, Appellant, v. A. R. WALKUP *et al.*, Respondents

Kansas City Court of Appeals, February 2, 1891.

1. **Evidence:** ATTORNEY AND CLIENT : PRIVILEGED COMMUNICATIONS : WHAT NOT. Professional communications between attorney and client are protected from motives of public policy, but the rule will not apply where the transaction shows the matter was not private and could not, in any sense, be termed the subject of a confidential disclosure, as where (like this case) the disclosure was made in the presence of the opposite party.

2. **Instructions:** SETTLEMENT : PRESUMPTION AS TO WHAT INCLUDED. In an instruction relating to a settlement, it is proper to tell the jury that, if a certain note was discussed and considered at the settlement, it was presumed to be included in it, unless the contrary was made to appear.

3. **Mortgage:** NOTE COVERED : MISDESCRIPTION. If a mortgage was intended to cover a note, but by mistake or omission it was misdescribed, it is proper to show that fact and the mortgage will protect the note intended. This rule will apply against an attaching creditor, when the difference in the amount of the two notes is not substantial.

*Appeal from the Atchison Circuit Court.*—HON. CYRUS
A. ANTHONY, Judge.

REVERSED AND REMANDED.

*Lewis & Ramsay* and *M. McKillop*, for appellant.

(1) The court erred in excluding from the jury
the $213.39 Watson note. The error in describing the
note was not material to the validity of the mortgage.
(2) The court erred in excluding the testimony of
John P. Lewis as to the settlement of Hamilton with
Deuser Bros. & Co. at Fairfax; both parties and their
agents were present; what was done by both parties
could not be confidential. 1 Thompson on Trials, sec.
296, and numerous authorities extant; 1 Greenl. Ev.
[10 Ed.] secs. 244, 245; *Bank v. Abernathy*, 32 Mo.
App. 211. (3) The Hall note was brought up, dis-
cussed and considered in the Fairfax settlement, and is
presumed to have been adjusted unless the contrary
appears by a preponderance of the evidence. *Perry's
Adm'r v. Roberts*, 17 Mo. 36, approved in *Wade v.
Hardy*, 75 Mo. 400.

ELLISON, J.—This is an action of trespass on
account of the seizure of property claimed by plaintiff.
The Hunters were plaintiffs in an attachment suit
against one Hamilton, and Walkup is the sheriff who
seized the property under the writ of attachment. A
trial in the circuit court resulted in a judgment for
defendants, and plaintiff brings the case here. The
facts of the case as disclosed by the statement of plaintiff
are very much involved, and it is to be regretted that
we are not aided by a brief from the defendants. We
will state, in a general way, that it appears that plain-
tiff claims to be the mortgagee of Hamilton in two
mortgages, that he was in possession of the mortgaged

property, consisting of horses and mules; that they were taken from his possession by Walkup as sheriff at the instigation of the Hunters. He claims the mortgages were executed to him to secure him in the collection of debts owing him by Hamilton and to indemnify him by reason of his being surety for Hamilton. It was claimed by defendants that the mortgages were no longer subsisting as the debts were paid and no further liability existed by reason of the suretyship. The further claim was made that a portion of the debts mentioned in the mortgage was fictitious and were inserted for the purpose of assisting Hamilton to defraud his creditors. There was testimony tending to show that in the dealing between Hamilton and plaintiff and others, comortgagees with plaintiff, there was a settlement at which the plaintiff and Hamilton and Mr. Lewis, Hamilton's attorney, were present. Plaintiff sought to show by Lewis, as a witness, what took place at this settlement in regard to its including a certain note of $360. The court refused to hear the testimony on the ground that Lewis was Hamilton's attorney.

We are of the opinion that the testimony was admissible. Professional communications between attorney and client are protected from motives of public policy. It is regarded that greater injury or mischief would follow its admission than ensues from its rejection. "If such communications were not protected, no man * * * would dare to consult a professional adviser, * * * and no man could safely come into a court, either to obtain redress, or to defend himself." 1 Greenl. Ev., sec. 238. These communications are regarded as private in their nature and are held inviolable because they are confidential. Therefore, the rule will not apply where the transaction shows the matter was not private and could not, in any sense, be termed the subject of a confidential disclosure. 1 Thompson Trials, sec. 296; 1 Greenl. Ev., sec. 144.

Applying this rule of law to the question before us it is clearly seen the testimony is admissible. The disclosure sought to be shown (if disclosure it was) was made in the presence of the opposite parties or their agent. It was, therefore, necessarily not confidential or private and no reason is seen why, when the reason for its protection does not exist, it should not be available at the trial as testimony from any other witness. Of course the testimony should be confined within proper bounds.

II. The court was asked, but refused, to instruct the jury that if the Hall note was considered and discussed at the settlement it was presumed that it was included in the settlement unless the contrary was made to appear. Such instructions should have been given. *Perry v. Roberts*, 17 Mo. 36; *Wade v. Hardy*, 75 Mo. 394.

III. One of the notes was claimed to have been misdescribed in the mortgage. If this was true, if the mortgage was intended to cover the note in evidence, but by mistake or omission it was misdescribed, it is nevertheless proper to show that fact, and the mortgage will yet protect the note intended. *Scott v. Bailey*, 23 Mo. 140; *Williams v. Bank*, 72 Mo. 292.

This rule of law, I conceive, will apply as against an attaching creditor of the mortgagor when the difference in the amount of the note intended and another one described is not substantial.

The cause in other respects seems to have been properly tried.

The judgment is reversed, and the cause is remanded. All concur.