GEORGE DEUSER, Appellant, v. OLIVER HAMILTON, Respondent.

**Kansas City Court of Appeals, January 16, 1893.**

1. **Evidence**: PAROL TO VARY WRITTEN CONTRACT. Defendant, who introduced a written agreement proving that a certain note should be applied toward the payment of a certain judgment, cannot be permitted to vary the same by showing by parol that said note was to be applied to the liquidation of the matter in dispute, there being no plea of modification of the contract, or any pretense of fraud or mistake.

2. ———: ATTORNEY AND CLIENT: PRIVILEGED COMMUNICATIONS. Defendant and his attorney were present at a settlement with plaintiff's firm,. and the attorney made certain *memoranda* of the settlement showing: the application of certain notes and credits. *Held*, such *memoranda* were not privileged but were admissible in evidence on the part of plaintiff, following *Deuser v. Walkup*, 43 Mo. App. 625.

*Appeal from the Atchison Circuit Court.*—HON. C. A.. ANTHONY, Judge.

AFFIRMED.

*Thos. H. Parish* and *Lewis & Ramsay*, for appel
lant.

(1)   The court erred in allowing defendant, after
introducing the written contract of February 21, 1889,
to offer to prove a different contract, as to the $454
paid by Deuser upon the Farmers' Bank judgment,
there is no charge that these items were so applied
through any oversight, error or mistake, but the
attempt is to set up and prove a different contract from
that stated in the writing.   1 Greenleaf on Evidence
[Redfield's Ed.] sec. 275; *Van Ostrand v. Reed,* 1
Wend. 424; *Rodney v. Wilson,* 67 Mo. 123; *Jones v.
Shaw,* 67 Mo. 667; *Helmrichs v. Gehrke,* 56 Mo. 79.
Such other alleged contract, if it existed, would be
without consideration.   *McGlothin v. Hemry,* 59 Mo.
213; *Willis v. Gammill,* 67 Mo. 730.   (2)   The court
erred in excluding inquiry into calculations and memo-
randa made at the settlement of August 6, 1889, by
John P. Lewis, attorney for defendant, for purpose of
showing that $360 Hall note and interest were credited
to defendant in that settlement.   They were not privi-
leged communications as held by the court below.
They were made by Lewis, defendant's attorney, in
making the settlement in the presence of all parties
interested.   It was the act of all parties and in no sense
privileged.   1 Thompson on Trials, sec. 296, and
numerous authorities cited; 2 Greenleaf on Evidence
[10 Ed.] secs. 244, 245; *Deuser v. Walkup,* 43 Mo.
App. 625.

No brief for respondent.

GILL, J.—Plaintiff Deuser sued defendant Hamil-
ton on account of moneys paid upon four notes wherein
Hamilton was maker and Deuser his surety.   The

answer, with some obscurity and much verbosity, practically confesses the execution of the notes, and that plaintiff had paid the same, but defends mainly on the ground that he, the defendant, had made the plaintiff whole by payment, etc. Defendant's third and fourth counts may be more properly called counterclaims. In view of what we have to say, we deem it unnecessary to set out the pleadings or evidence in detail. The jury found in plaintiff's favor on the first count of the petition in a sum much less than the amount claimed; for the defendant as to the second, third and fourth counts of the petition; and for defendant in a small sum on one of his counterclaims; and, from a judgment thereon, plaintiff has appealed.

Whilst counsel for plaintiff have urged many objections, we readily discover in this record two substantial reasons for reversal. During the progress of the trial the defendant introduced as part of his testimony an agreement or contract in writing made and signed by these litigants, and others, wherein it was stipulated (among other things) that plaintiff was to and did receive of certain moneys arising out of a trustee's sale of defendant's land the sum of $454, and which the writing declared was to repay plaintiff an amount which he had been compelled to pay for defendant on what was known and designated as the Farmers' Bank judgment. Following this written evidence, which defendant himself had produced, he proceeded to testify that such $454 was not left with plaintiff for the purpose named in the agreement, but that, at the time such instrument was executed, he and plaintiff had an oral understanding whereby it was agreed that said $454 was to go towards the liquidation of the matters here sued on. To this testimony plaintiff objected, and, on an adverse ruling by the trial judge, saved his exceptions.

In this ruling the trial court was in error. It was a plain case of permitting the party to vary or contradict a written contract by parol evidence of a different agreement had contemporaneously with the execution of the writing. This cannot be done. There was no pretense that the insertion of this matter in the writing was accomplished by fraud or mistake. And, if defendant intended to show a subsequent modification of the original written contract, he ought to have pleaded the same, and made proper proof thereof.

The court also committed error in excluding certain written *memoranda* made by attorney Lewis relating to a settlement had between the firm of Deuser Bros. and defendant in August, 1889. It is necessary, for an understanding of the point, to state the circumstances. The fact stands admitted that, while the plaintiff rested under an obligation to pay a $400 note made by defendant to one Snyder (and for the payment of which plaintiff bases the first count of the petition), the defendant turned over to plaintiff, or to Deuser Bros., a note for $360, which defendant held against Hall. The defendant claimed at the trial that this Hall note was given over to plaintiff, George Deuser, with an understanding that it should be collected, and the amount applied on the Snyder note. But plaintiff insisted that such Hall note was transferred by defendant to *Deuser Bros.*, to be collected by them and applied on a store account which defendant owed at the time.

Now to sustain plaintiff's contention, when defendant was on the witness stand, plaintiff's counsel on cross-examination had the witness to identify a *memorandum* of figures made by defendant's attorney, Lewis, whilst he, the defendant and the Deuser Bros., were together adjusting and settling their mutual accounts. The *memorandum* was objected to and excluded by the

court, because made by defendant's attorney and privileged. It is said that this *memorandum* would show that the Hall note went into the settlement of accounts had between defendant and Deuser Bros., and that in such settlement defendant had credit for said Hall note. This then was quite important evidence for the plaintiff.

We have had this exact question before us, and it would seem too in relation to the same paper. See *Deuser v. Walkup*, 43 Mo. App. 625. We held there, that, as the *memorandum* was made in the presence of all concerned and was not, therefore, private, it was not a professional confidential communication between attorney and client, and, therefore, not privileged. We adhere to the decision in that case; and to avoid unnecessary repetition refer to that opinion for our reasons.

Judgment reversed and cause remanded. All concur.