Standard Oil Co. v. Meyer Bros. Drug Co.

STANDARD OIL COMPANY, Appellants, v. MEYER BROTHERS DRUG COMPANY, Respondent.

Kansas City Court of Appeals, April 2, 1900.

1. Attorney and Client: EVIDENCE: PRIVILEGED COMMUNICATIONS. Communications between an attorney and his client which are not of a private confidential nature are not privileged.

2. Trial Practice: INSTRUCTIONS: IRRELEVANT MATTER. Instructions calling the jury's attention to irrelevant and misleading matter should not be given.

3. ———: ———: MULTIPLYING ISSUES. In a replevin case between a vendor and a vendee where the plaintiff relies on fraud in the purchase, an instruction that the seller had no lien is faulty, as it tends to multiply unimportant issues.

4. Replevin: DAMAGES: INSTRUCTION. In an action of replevin the jury should be instructed to assess the value of the property at the time of the trial.

Standard Oil Co. v. Meyer Bros. Drug Co.

Appeal from the Gentry Circuit Court.—*Hon. Gallatin Craig,* Judge.

REVERSED AND REMANDED.

*Aleshire & Benson, Peery & Lyons* and *J. L. McCullough* for appellant.

(1) The information was not in its nature private. It was a statement of a fact of a public character well known to numerous other parties. Hence it did not come within either the spirit or the letter of the rule. Schaaf v. Fries, 77 Mo. App. 346; Deuser v. Walkup, 43 Mo. App. 625; Tyler v. Hall, 106 Mo. 313; Deuser v. Hamilton, 52 Mo. App. 394. Nor can the client, himself, upon cross-examination, decline to testify concerning such communications. Weinstein v. Reid, 25 Mo. App. 50. (2) Instruction number 2 for defendant is erroneous and misleading. Colliott v. Mfg. Co., 71 Mo. App. 170, and cases cited. (3) Instruction number 3 for defendant was erroneous and misleading, because there was no such issue in the case. Colliott v. Mfg. Co., 71 Mo. 170; Zwisler v. Storts, 30 Mo. App. 164; Waddingham v. Hulett, 92 Mo. 528; Willis v. Stevens, 24 Mo. App. 494; Quinlivan v. English, 44 Mo. 46; Keithley v. Southworth, 75 Mo. App. 442; Sharp v. Sturgeon, 75 Mo. App. 651. This error is presumed to be prejudicial, and it devolves upon the defendant to show that it was not. Beard v. Car Co., 63 Mo. App. 392; State v. Taylor, 118 Mo. 161; Hawes v. Stock Yards Co., 103 Mo. 60; Dayharsh v. Railroad, 103 Mo. 570; McGowan v. Ore and Steel Co., 109 Mo. 518; Deery v. Cray, 5 Wall. 807; Smith v. Shoemaker, 17 Wall. 630; Gilmer v. Higley, 110 U. S. 47; Railroad v. O'Brien, 119 U. S. 99. (4) Instruction number 4 for defendant is erroneous and misleading for reasons given, and under the authorities cited, in the preceding paragraph. (5)

Instructions numbers 6 and 7 for defendant, by which the jury were told to assess the value of the oil in controversy as of the date of the trial, were erroneous, under the peculiar circumstances of this case, for two reasons. Wells on Replevin [1 Ed.], secs. 531, 556; Willison v. Smith, 60 Mo. App. 469; Rosentreter v. Brady, 63 Mo. App. 404; Chemical Co. v. Nickells, 66 Mo. App. 686; Weinstein v. Reid, 25 Mo. App. 49, and authorities cited.

*Sallee & Goodman* for respondent.

(1)   The instruction number 1, given by the court on behalf of respondent was eminently proper. The following authorities fully justify and sustain the action of the court in giving said instruction. Eoff v. Irvine, 108 Mo. 378; Hammerslough v. Cheatham, 84 Mo. 13; Davis v. Kline, 96 Mo. 407; Ebersole v. Rankin, 102 Mo. 488; Hamil v. England, 50 Mo. App. 338; Weinstein v. Reid, 25 Mo. App. 41; Bigler v. Reyher, 43 Ind. 112; Yates v. Olmsted, 56 N. Y. 632; Wetherbee v. Ezekiel, 25 Vt. 47; Johnson v. Sullivan, 23 Mo. 474.   (2)   The court instructed the jury that the value of the goods at the time of the trial was the proper measure of damages. The action of the court was fully in accord with the rule announced by this court and our Supreme Court. Chapman v. Kerr, 80 Mo. 158; Mix v. Kepner, 81 Mo. 93; White v. Storms, 21 Mo. App. 288; Kirkendall v. Hartsock, 58 Mo. App. 237; Chemical Co. v. Nickells, 66 Mo. App. 678.   (3)   Instructions must be based both upon the pleadings and the evidence. Willmott Co. v. Corrigan, 106 Mo. 535; Gessley v. Railroad, 26 Mo. App. 156; Hornblower v. Crandall, 78 Mo. 581; Coleman v. Drane, 116 Mo. 387; Clark v. Cox, 118 Mo. 652.   (4)   Instruction number 2, at which appellant levels its severest criticisms is not in any degree obnoxious to the objections urged against it. Reiley v. Railroad, 94 Mo. 600; Ridenhour v. Cable Co., 102

Mo. 270; Shaw v. Dairy Co., 56 Mo. App. 521; Hughes v. Railway, 127 Mo. 447.

SMITH, P. J.—By reference to 74 Mo. App. 446, it will be seen that this case was here on another occasion. The judgment which was for plaintiff was there reversed and cause remanded, since which time there has been another trial resulting in judgment for defendant, from which plaintiff has appealed. The general statement appearing in the report of the former case will suffice for this. The complaint now made relates to the action of the court in the giving of instructions for the defendant. It is insisted that the court erred in directing the jury to exclude from its consideration all the evidence concerning any statement made by Mr. Aleshire to the defendant concerning any of the claims against Lindley, or as to his financial condition prior to the time Mr. Aleshire returned to the defendant the claims placed in his hands for collection. Mr. Meyer, defendant's claim agent and adjuster, who testified at the trial, was asked by the plaintiff on cross-examination whether he received a certain letter from Aleshire & Benson, in which it was stated that Lindley owed from $1,500 to $2,000 for jewelry alone. The plaintiff objected to the answer of the witness on the ground that the communication disclosed by it was confidential between client and attorneys, and therefore within the prohibition of the statute (R. S. 1889, sec. 8925). It appears the letter referred to by the witness was written while the said law firm had the defendant's claim against Lindley in charge for collection. Finding that Lindley would not or could not pay the defendant's claims, and that it would perhaps be necessary to institute one or more suits, attacking a certain mortgage deed given by Lindley to the bank whose regular legal adviser it was, it felt constrained to so notify the defendant and return its claims. One of the exceptions to the general rule which excludes communications between attorney

and client is that in cases where the subject-matter of the communication is not in its nature private. Greenleaf's Evidence, sec. 244; Schaaf v. Fries, 77 Mo. App. 346. The rule does not extend, as stated in the case just cited, to the protection of matter communicated not in its nature private, or which can not properly be termed the subject of a confidential disclosure. The fact, if it was a fact, that Lindley owed the amount stated by Mr. Aleshire for jewelry alone was, it is quite obvious, not a confidential disclosure at all. It was a fact that was probably known to many persons in the town where Lindley was conducting his business. It was but a report of a fact bearing on the financial condition of Lindley of which any one having knowledge thereof, whether lawyer or layman might, with propriety, give information. The matter can not, in our opinion, be regarded the subject of a confidential disclosure. Deuser v. Walkup, 43 Mo. App. 625. This instruction therefore should not have been given. The defendant insists that the second instruction which told the jury that if plaintiff sold the ten barrels of oil to Lindley, and that at the time of the sale Lindley expected to pay therefor, and that in making the sale plaintiff relied solely upon the statements of third parties as to his financial standing and ability, and that he made no statement to plaintiff or its agents regarding his financial circumstances, etc., was improperly given because there was no claim made by plaintiff that defendant made any such statements, nor was any right of recovery based on any such ground. It seems to us that by this instruction the court called the attention of the jury to a matter which was irrelevant and misleading, and therefore should not have been given.

The plaintiff further objects that the court erred in giving the defendant's third instruction, which told the jury that a seller of personal property has no lien thereon for the purchase price, and the fact that Lindley was indebted to plain-

Standard Oil Co. v. Meyer Bros. Drug Co.

tiff for the oil in controversy would not warrant a recovery. This instruction should not have been given, for the reason that there was no such issue in the case. The plaintiff was not claiming possession of the property by reason of a lien, but was claiming it on the distinct ground that it had not parted with its title thereto in consequence of the fraud of Lindley, and that the defendant was not more favorably situated in respect thereto than was Lindley, its vendor. Such an instruction tended to needlessly multiply unimportant issues and to mislead and embarrass the jury in determining the real decisive issues in the case.

The defendant's fourth instruction, in so far as it relates to false and fraudulent statements as to the financial condition of Lindley and that plaintiff relied thereon, is subject to the same objections as its second, and likewise should not have been given.

The value of the oil at the time of the trial is all the value disclosed by the evidence. There is nothing in the evidence taking the case out of the general rule which, in cases of this kind, requires the value of the oil to be assessed as of the date of the trial. Chemical Co. v. Nickells, 66 Mo. App. 686.

The three instructions given for plaintiff fairly and fully expressed the law applicable to the facts of the case which the evidence tended to establish.

It follows that the judgment must be reversed and cause remanded. *Ellison, J.,* concurs; *Gill, J.,* not sitting.