S. R. PAYNE, Respondent, v. A. J. KING, Appellant.

Kansas City Court of Appeals, January 24, 1910.

1. **CHATTEL MORTGAGE: Clerical Error.** A chattel mortgage is not invalidated by the fact that the grantor's name is written "Rudolf" instead of "Rudert," where it is correctly signed.

2. ————: ————: **Recording: Notice.** Where the grantor's name is written "Rudolph" in the instrument and in the copy filed it is written "Rudort" the variance was immaterial and the filing imparted constructive notice.

3. ————: ————: **Place of Recording.** The mortgage is required to be filed in the county where the mortgagor resides, and where there is evidence that the mortgagor did not reside in the county where the mortgage was filed, the issue should have been submitted to the jury.

4. **REPLEVIN: Value of Property.** In assessing the value of the property the jury are restricted to the value alleged in the petition and should assess the value of the property at the time of the trial.

5. ————: ————. In a controversy between a special lien holder and a stranger to the lien, no more than the actual value of the property may be recovered, no matter what may be the amount of the encumbrance.

Appeal from Vernon Circuit Court.—*Hon. B. G. Thurman*, Judge.

REVERSED AND REMANDED.

*A. J. King, pro se,* and *M. T. January* for appellant.

(1) A deed or chattel mortgage does not convey title unless the name of the grantor appears in the body of the instrument. McFadden v. Rogers, 70 Mo. 421; Houx v. Batteen, 68 Mo. 84; Golden v. Tyer, 180 Mo. 196; Martindale on Conveyancing, p. 62. (2) In replevin the value of the property at the time of the trial is to be determined. In this case there was no such evidence. Oil Co. v. Drug Co., 84 Mo. App. 76; Chapman v. Kerr, 80 Mo. 158; Kirkendall, Jones & Co. v. Hartsock, 58 Mo. App. 240; White v. Storms, 21 Mo. App. 289. (3) In a controversy between a special lienholder and a stranger, the lienholder can recover no more than the value of the property, no matter what may be the amount of his lien. R. S. 1899, sec. 4476. Dilworth v. McKelvy, 30 Mo. 149; Dillard v. McClure, 64 Mo. App. 488; Pope v. Salsman, 35 Mo. 362. (4) The peremptory instruction to find for plaintiff was error, for the reason that the residence of the Ruderts in Pettis county at the time the chattel mortgage was given and filed depends upon oral evidence, and this was for the jury. Gannon v. Light Co., 145 Mo. 502; Martin v. Perkins, 63 Mo. App. 310; Duke, Lemon & Co. v. Duke & Woods, 93 Mo. App. 252. (5) The cer-

tificate of the instrument, certified by the recorder as a true, complete and correct copy, should not have been admitted in evidence until it was shown that it was a true copy of an original instrument or mortgage. Jones on Chattel Mortgages (5th Ed.), p. 275; R. S. 1899, sec. 3404; 2 Elliott on Evidence, p. 715; 3 Encyclopedia of Evidence, p. 546.

*C. C. Lawson* and *D. M. Gibson,* for respondent, filed argument.

JOHNSON, J.—Plaintiff sued in replevin to recover a piano which he alleges in the petition is of the value of $200. He claims a special interest in the property under a chattel mortgage executed by Mr. and Mrs. J. B. Rudert to secure the payment of a promissory note on which a remainder of $210 is due, and asks judgment for a return of the property and for damages in the sum of $25. He did not give a replevin bond and the possession of the property remained in defendant who claims to be its owner under a bill of sale executed by Mrs. Rudert. In obedience to a peremptory instruction, the jury returned a verdict for plaintiff in which the value of the piano was assessed at $210, and on this verdict, the court entered judgment that plaintiff "have and recover of and from defendant A. J. King, the possession of the personal property described in his petition, to-wit, one Ludwig piano, No. 58336, or at the election of plaintiff, the value thereof, to-wit, $210, together with his costs in this behalf expended," etc. Defendant appealed.

The evidence discloses that plaintiff, who is in business in Sedalia, sold the piano to Mr. and Mrs. Rudert in July, 1906, for $300, on the instalment plan. The vendees, who were living in Sedalia, gave their note for the purchase price and, to secure its payment, executed their chattel mortgage conveying the piano. Plaintiff filed a copy of the mortgage with the recorder of deeds of Pettis county. Subsequently, the Ruderts

made payments on the note aggregating $90. They moved from Sedalia to Nevada and took with them their personal effects, including the piano which they stored in a warehouse. The evidence of defendant tends to show that he became an innocent purchaser of the piano at Nevada for a valuable consideration, without actual notice of the existence of the mortgage. There is no evidence to show the value of the property at the time of the trial.

Point is made by defendant that the mortgage is invalid because it fails to state the name of the grantors. The name appears in the body of the instrument as Rudolf, instead of Rudert, but the instrument is properly signed and we regard this discrepancy as an obvious inadvertence that should not be allowed to defeat the validity of the mortgage. Defendant would apply the rule relating to conveyances of real property. [McFadden v. Rogers, 70 Mo. 421; Houx v. Batteen, 68 Mo. 84; Golden v. Tyer, 180 Mo. 196.] But the same precision is not required in conveyances of personalty and since it is manifest no one could have been misled by the mistake, we hold it to be harmless. In the copy of the mortgage filed in the office of the recorder of deeds, the name of the grantors appears as Rudert. This variance between the original instrument and the filed copy is claimed by defendant to invalidate the filing and to render it inoperative to impart constructive notice. The statute (section 3404, Rev. Stat. 1899) does provide that where a copy of the chattel mortgage is filed it must be a true copy, and we are willing to concede, for argument, that Rudolf and Rudert are not *idem sonans,* but as we consider the variance in the names a mere clerical error, we hold it immaterial in all respects, and find that there was a substantial compliance with the statute.

But the court erred in peremptorily instructing the jury to return a verdict for plaintiff. The evidence supports a reasonable inference that the mortgagors, at

the time of the execution of the mortgage, did not reside in Pettis county. If they did not so reside, the mortgage was not filed in the proper county, for the statute requires such instruments to be filed in the county where the mortgagor resides. The place of residence of the grantors should have been treated as an issue of fact for the jury to decide.

The verdict and judgment are erroneous with respect to the assessment of the value of the property for several reasons. First, the petition alleges the value to be $200, while the verdict and judgment place it at $210. A judgment assessing a greater value than that claimed in the petition is erroneous. [Pope v. Salsman, 35 Mo. 362.] Second, there is no evidence in the record to show the value of the piano at the time of the trial of the cause. In such cases the value of the property at the time of the trial is the value to be assessed in the verdict. [Oil Co. v. Drug Co., 84 Mo. App. 76; Chapman v. Kerr, 80 Mo. 158; Kirkendall v. Hartsock, 58 Mo. App. l. c. 240; White v. Storms, 21 Mo. App. 289.]

The court and jury evidently assumed the value to be the amount of the purchase price remaining unpaid. They were not justified in indulging such presumption. "In a case where the defendant has the property in possession and fails in his defense there should be a finding of the value and of damages for in such case the prevailing party has the right of election to take the property or its value." [Dillard v. McClure, 64 Mo. App. 488; R. S. 1899, sec. 4476.] And in a controversy between a special lien holder and a stranger to the lien, no more than the actual value of the property may be recovered at the plaintiff's option, no matter what may be the amount of the encumbrance.

On account of the errors noted, the judgment is reversed and the cause remanded.

All concur.