## MISSOURI BULLOCK v. ATLANTIC COAST LINE RAILROAD COMPANY.

(Filed 2 March, 1910.)

1. **Carriers of Passengers—Wrong Train—Wrong Information—Passenger—Alight—Assistance—Negligence.**

   The purchaser of a ticket who has taken the wrong train in accordance with the information given by its porter, is a passenger thereon until she leaves the train, and the company is liable in damages proximately caused by the failure of the conductor or porter to stop the train at a suitable place, or to provide the proper steps or assistance for her to alight.

2. **Same—*Place to Stop Train.***

   The railroad company owed a duty to plaintiff ejected from its train to put her off the train at a suitable and proper place, either at a station or near a house, even though she had not been rightfully a passenger. Revisal, 2629.

3. **Pleadings—Demurrer—Practice Suggested.**

   The allegations of a complaint are taken as true upon demurrer. It is suggested that on such allegations as contained in the complaint in this case the defendant should answer, and not by demurrer ask the court to justify, as a matter of law, its conduct.

APPEAL by defendant from *Ward, J.,* at Fall Term, 1909, of HYDE.

The facts are stated in the opinion of the Court.

*Ward & Grimes* for plaintiff.
*Small, McLean & McMullan* for defendant.

CLARK, C. J. The complaint alleges that the plaintiff (who was sick and traveling with her three children and baggage) had a ticket over the defendant's road from Wilmington to Washington, N. C.; that on reaching Parmele she had to change cars, and there being several trains waiting there, she asked defendant's porter which was the train for Washington, N. C., and with her children entered the train he showed her, relying upon his statement; the train thus entered proved to

be the defendant's train for Williamston; the plaintiff did not discover her mistake until the conductor called for her ticket, when the train had gone two miles; she informed the conductor that she was sick and on her way to Washington for medical treatment, and offered to pay him to take her back to Parmele, but the conductor immediately stopped the train, and at an unsafe and improper place for her to get off, the distance from the lower step at that place being three feet from the ground, the roadbed sloping towards the ditch, and negligently refused to provide her portable steps usual in such cases, and negligently refused to provide her with any assistance by porter or otherwise, though knowing that she was in a great hurry and excitement and sick, and with baggage and children to assist and care for, and though the defendant's porter had negligently caused her to take the wrong train, whereby she was seriously hurt and internally injured by the fall and jar, causing her great bodily pain and great suffering, and permanent impairment of health and physical condition. The defendant demurred upon the ground that the complaint did not state facts sufficient to constitute a cause of action.

His Honor properly overruled the demurrer. The plaintiff was a passenger on the defendant's road, and continued to be such while on the platform at Parmele. *Daniels v. R. R.,* 117 N. C., 592.

If the porter told her to get on this train, she had a right to presume that he knew what he was talking about, and would properly discharge his duties, which by general knowledge and consent cover assistance to passengers. *Tillet v. R. R.,* 118 N. C., 1031; *R. R. v. White* (Texas), 13 Ann. Cas., 965, and cases in the notes. Besides, even if the plaintiff had not been a passenger, it was the duty of the defendant to put her off at a suitable and proper place, and either at a station or near a house. Rev., 2629; Moore on Carriers, 750; *Book v. R. R.,* 84 Mo. App., 76. Of course, it was not its duty to run the train back to Parmele.

We are compelled, on a demurrer, to take the allegations of the complaint as true. Upon the coming in of the answer, and a trial before the jury a different state of facts may be shown. It would be better on such allegations as these for the defendant to answer and deny the allegations, if it can, than by a demurrer to ask the Court to justify, as a matter of law, such conduct on its part as is alleged in the complaint in this case.

, Affirmed.