NATIONAL CASH REGISTER COMPANY, Respond-
ent, v. FRANK M. SLATER, Constable, et al., Ap-
pellants.

**St. Louis Court of Appeals, May 2, 1911.**

1. **CHATTEL MORTGAGES: Filing Copy: Substantially Correct
Copy Sufficient.** The use of the words "true copy" in Section
2861, Revised Statutes 1909, relative to the recording and fil-
ing of chattel mortgages, does not require a literal and verbatim
copy of the instrument to be filed, but a copy substantially
true, so that creditors of the mortgagor or subsequent pur-
chasers in good faith may not be misled to their detriment, is
sufficient.

2. ———: ———: ———: **Sufficiency of Copy.** A copy of a
chattel mortgage executed by Chas. G. Rupert doing business
as "Rupert Grocery Co.," filed with the recorder of deeds, under
Section 2861, Revised Statutes 1909, decribing the mortgagor
as "Rupert Gro. Co.," instead of "Rupert Gro. Co., Chas. G.
Rupert," as it appeared in the original, and stating that the
note secured was signed by "Chas. G. Rupert," while the
original stated it was signed by "Rupert Gro. Co., Chas. G.
Rupert," was sufficient, as being a substantially true copy of
the original, since "Chas. G. Rupert" and "Rupert Gro. Co."
were the same person, and no creditor or subsequent pur-
chaser or lienor could have been misled by the discrepancy to
his detriment; and the failure of the copy to state the
location of the mortgaged property as part of its description was
immaterial, the remainder of the description being specific,
and sufficient without the location of the property being
stated.

Appeal from St. Louis City Circuit Court.—*Hon.
Moses N. Sale,* Judge.

AFFIRMED.

*Geo. W. Lubke* and *Geo. W. Lubke, Jr.,* for appel-
lant.

(1) A mortgage of chattels is invalid except as be-
tween the parties to it unless it be recorded in the manner
prescribed by statute, or the mortgagee have possession

of the chattles. R. S. 1909, sec. 2861. (2) Chattel mort-
gages being unknown at common law statutes permit-
ting them are strictly construed. Porter v. Dement, 35
Ill., 478; Marsden v. Cornell, 62 N. Y. 215; Singer Mfg.
Co. v. Shull, 74 Mo. App. 486; Cable Co. v. Rathgeber,
113 N. W. 88. (3) The "true copy" of a chattel mort-
gage required by the statute to be filed in compliance
with its terms must be correct transcript of the original.
Dickinson v. Railroad, 7 W. Va., 390; State v. Champion,
116 N. C. 987; Johnson v. Life Ass'n, 105 Ia. 273; Ely v.
Carnley, 19 N. Y. 496.

*Perry Post Taylor* and *Emil Mayer* for respondent.

The copy filed conforms, substantially and in all
material respects, to the original chattel mortgage.
Hence the latter is valid. Stroup v. Hughes, 123 Mo.
App. 544; Payne v. King, 141 Mo. App. 246; Bank v.
Brecheisen, 65 Kan. 807; Gillespie v. Brown & Ryan
Bros., 16 Neb. 457; Shum v. Claghorn, 69 Vermont 45;
Jacobs v. Denison, 141 Mass. 117; Partridge v. Swazey,
46 Maine 414; West v. Francis, 5 Barnewell & Alderson,
737.

STATEMENT.—This is a suit in replevin brought
by the mortgagee of Charles G. Rupert, doing busi-
ness as "Rupert Grocery Company," to recover a cash
register attached by the defendant constable at the suit
of a creditor of Rupert. The plaintiff had judgment and
said defendant has appealed.

The only question presented for our consideration
is whether a "true copy" of the plaintiff's mortgage had
been filed with the recorder of deeds so that, under sec-
tion 2861 of the Revised Statutes, 1909, it would be valid
against the attaching creditor. If a true copy was so
filed, the parties agree that the judgment should be
affirmed. We will state only the facts which may have
a bearing on that question.

On and before May 9, 1907, the day the mortgage was given, and until August 15, 1907, the day the attachment was levied, Charles G. Rupert resided in the city of St. Louis and was engaged in and conducted a business at No. 3400 Lawton Avenue in said city, under the name and style of "Rupert Grocery Company." On May 9, 1907, he purchased the cash register in suit from the plaintiff and cotemporaneously, in partial payment for it, and under the name and style of "Rupert Grocery Company", executed his promissory note, payable to the plaintiff, for the sum of three hundred and fifty dollars, in equal monthly installments of twenty-five dollars each. At the same time, under the same name and style, he executed a chattel mortgage of said register as security for the payment of the note. The said mortgage, after reciting the receipt of one dollar as consideration, proceeds as follows:

"Rupert Gro. Co., Chas. G. Rupert, residence address.................street in the city of St. Louis, County of................, does hereby sell and convey to The National Cash Register Company, of Dayton, Ohio, the cash register below described, located at No. 3400 Lawton Ave., in the city of St. Louis, County of ..............State of Missouri, to-wit: One National Cash Register, Factory No. 550411, Style No. 79 A.

Upon condition that if I pay said The National Cash Register Company one promissory note of even date herewith or any note given in extension of the same, amounting to $350, maturing in installments, one each month after date, and signed by Rupert Gro. Co., Chas. G. Rupert, then this deed shall be void, otherwise it shall remain in full force and effect."

It then provides, in the usual form, for all the installments becoming due upon default in the payment of one, or if the register be removed from the premises, and gives the mortgagee a right to take and have possession, and to sell and apply the proceeds of sale. It is dated May 17, 1907, and is signed "Rupert Groc. Co., by Chas.

G. Rupert." Though said note and mortgage were dated May 17, 1907, they were actually executed and delivered, May 9, 1907. On May 9, 1907, the plaintiff filed with the Recorder of Deeds of the City of St. Louis, what purported to be a true copy of the mortgage. The filed copy was the same as the original mortgage, except as follows:

1. In the copy, the mortgagor is named in the body of the instrument as "Rupert Gro. Co.", while in the original he is named as "Rupert Gro. Co. Chas. G. Rupert;"

2. In the copy the spaces for stating the location of the cash register are left blank while in the original they are filled in with "3400 Lawton Ave," and "St. Louis;"

3. In the copy the note is stated to have been signed by "Chas. G. Rupert," while the original it is stated to have been signed by "Rupert Gro. Co., Chas G. Rupert."

There are some other alleged discrepancies which we deem so insignificant as to be unworthy of notice.

CAULFIELD, J. (after stating the facts).—If the use of the words "true copy" in the statute relative to the recording of chattel mortgages requires that a literal and *verbatim* copy of an instrument must be filed, then plaintiff's filed copy is insufficient. But the sufficiency of the copy is not to be tested by such a harsh standard. A substantial compliance with the statute is all that is required. [Payne v. King, 141 Mo. App. 246, 249; 124 S. W. 1066.] And "a copy substantially true, so that the creditors of the mortgagor or subsequent purchasers in good faith may not be misled, to their detriment", is sufficient. [Bank v. Brecheisen, 65 Kan. 807, 810.] The purpose of the statute in requiring a copy to be filed is to give notice to creditors and others afterwards dealing with the property, that it is covered by the mortgage, and apprise them of the exact interest of the mortgagee and the extent of the retained title of the

mortgagor and all the material conditions of the contract, including the nature and extent of the indebtedness secured and to whom and when it is due. When this is done the law is complied with. [Gillespie v. Brown & Ryan Bros., 16 Neb. 457, 461.] Subjected to these tests, the filed copy before us proves sufficient. The naming of the mortgagor in the body of the copy as "Rupert Gro. Co." instead of "Rupert Gro. Co., Chas. G. Rupert," as it appeared in the original, was not a material discrepancy. "Rupert Gro. Co." was the name under which "Chas. G. Rupert" did business, and was the name signed to the original mortgage, and was shown to have been so signed by the copy. If the two names had been shown in the body of the filed copy instead of one, the effect would have been the same. In each instance the mortgagor is Chas. G. Rupert. The same thing may be said of the circumstance that the copy states that the note secured was signed by "Chas. G. Rupert," while the original states that it was signed by "Rupert Gro. Co., Chas. G. Rupert." Each statement is of the same fact, Chas. G. Rupert and Rupert Gro. Co. being the same person. No creditor or subsequent purchaser or lienor could possibly be misled by the discrepancy, to their detriment. It is the same in regard to the failure of the copy to state the location of the mortgaged property as a part of its description. The remainder of the description being specific and sufficient without the location of the property being stated, the omission of such location from the copy related to an immaterial matter.

We are satisfied that the filed copy was deficient or different from the original in no material matter and that it fairly and sufficiently met the purpose of the statute.

The judgment is affirmed. *Reynolds, P. J.,* and *Nortoni, J.,* concur.